ORIGINAL

FILED
DEC - 6 2006
U.S. COURT OF
FEDERAL CLAIMS

November 29, 2006, Wednesday
Jeffrey D. Moffatt, Attorney
Attorney for: Meg Gunite, DBA Eagle Shotcrete Inc.
43625 N Sierra Hwy, Suite A
Lancaster CA 93534
(661) 945-6121
FAX (661) 945-3019
EMAIL: Jeffreymbajd@hotmail.com

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MEG GUNITE, DBA EAGLE SHOTCRETE INC.
Petitioner

V.

No. 06-832 T

COMMISSIONER OF THE
INTERNAL REVENUE SERVICE
DEFENDANT

## COMPLAINT FOR WRONGFUL PENALTY AND INTEREST ASSESSMENT BY THE IRS, AS WELL AS FAILURE TO PAY INTEREST ON OVERPAYMENTS TO PETITIONER.

### A. NATURE OF THE ACTION AND BACKGROUND OF CASE.

1. This is a civil action for Statutory Interest for overpayment of funds, as well as an action regarding the wrongful assessment of Interest on penalties, which have been abated, and the few penalties that have still not been abated. This case revolves around Meg Gunite, DBA Eagle Shotcrete Inc. . The EIN is 95-4853907

The years and quarters in question are from 2003 through to present and continuing to accrue.

2. The IRS has wrongfully caused Petitioner to incur 940 and 941 penalties from 2003 to present. Despite the penalties and interest being issued in error, Petitioner started to pay those penalties.
3. Petitioner after being issued multiple notices regarding levy engaged Petitioner's Counsel to assist with the erroneous penalty and interest assessment by Defendant.
4. Based upon the IRS Penalty Policy Statement P-1-18, which focuses upon the question of encouraging compliant conduct, the failure to refund Petitioner the overpayment, and remove the Penalties is in violation of this Policy Statement.
5. Petitioner's hired an out of state Payroll processing company. Petitioner would submit the payroll data electronically to the processing company. This payroll company would subsequently send the data to Respondent. However often because of Defendant's cut off times focusing around the East Coast time rather than Pacific Coast, Petitioner was wrongfully issued penalties in error.
6. Defendant in Court actions, such as tax court uses the date of mailing, not of receipt for posting. The fact Petitioner has documentation that Petitioner's payments were initiated on the proper date, should be the sound basis for obtaining a reversal of the penalties, and interest.
7. This should further allow Petitioner a refund of the overpayment as well as interest on the overages.

8. Despite Defendant's Revenue Officer Mr. Lucido and his supervisor's requests, as well as multiple requests by Petitioner's Counsel, the interest on the Abated Penalties has not been removed, nor has the case been reduced to settlement.

9. Defendant's agent Mr. Lucido advised Petitioner's Counsel that although recommendations have been made by his office, Defendant's Regional Office is failing to follow through with his offices recommendations.

10. Once reversals are made, Petitioner will have an overpayment of at least $2,000.00, which will then require Defendant to pay interest to Petitioner. Therefore Petitioner requests that this court take jurisdiction as to the interest, failure to abate penalties and overpayments. As such Petitioner will be due with more than $2,000 in overpayment.

11. B. <u>JURISDICTION</u>

12. This case is being brought under the Tucker Act, 28 U.S.C. 1491 (1988), since this case partially revolves around suit for money founded upon (1) the Constitution, (2) an act of Congress, (3) an Executive Order, (4) a Regulation of an Executive Department, or (5) any express or implied--in-fact contract with the United States. Wronged Taxpayers can bring suit under the Tucker act, 28 U.S.C. 1491(a) (1) (1992).

13. The Jurisdiction of the Court is invoked under the authority of 26 USC Sections 7426, and 28.U.S.C.S 149(a) (1) the Big Tucker Act is proper here since the present amount is less than $10,000.00, relating to the jurisdiction of the Court of Claims.

14. In Amoco, the Court of Federal Claims advised it had jurisdiction to hear a claim for statutory interest, and that the claim procedures of IRC 7422(a) were not required. Petitioner argues they can similarly file a claim for statutory interest.

15. In Citadel Industries Inc v. United States, the Court of Federal Claims assumed subject matter jurisdiction for interest alone. Petitioner believes that also under Citadel, this court has jurisdiction.

16. This case solely involves the taking of money and the return of that money, as well as interest on that money. As such, the Court of Federal Claims is the proper forum.

17. C COURT REVIEW OF DEFENDANT'S ACTIONS

18. . This Court can review actions of the IRS. This review may be performed under the standards of the Administrate Procedure Act which looks to determine if the following activities have taken place: (arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and unsupported by substantial evidence on the whole record; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law) in the U.S. Court of Federal Claims 28.U.S.C.S 1346 (a)(2) ("Little Tucker Act) and 28.U.S.C.S 149(a)(1) (" Big Tucker Act').

19. D. WAIVER OF SOVERIGN IMMUNITY

20. . The Tucker Act grants authority of the Federal Court of Claims to hear these cases, as well as provides a waiver of sovereign immunity.

21. E. VENUE

22. The Tucker Act provides that the Court of Claims is the proper venue.

23. F. STATUTE OF LIMITATIONS

24. Petitioner's wrongful interest Petitioner is complaining of has taken place in the last six years, therefore on 11/9/2006 pursuant to 2501 of Title 28, USC. a claim for just compensation has been instituted within six years of the "accrual" of the claim.

25. G. PARTIES

26. Petitioners are Meg Gunite DBA Eagle Shotcrete Inc. 24827 San Fernando Road, Box 212 Santa Clarita CA 91321. EIN 95-4853907. The Defendant is the United States of America, represented by the Department of Justice acting through the Commissioner of the Internal Revenue Service.

27. H BURDEN OF PRODUCTION SHIFTS REGARDING THE APPROPRIATNESS OF PENALTIES.

28. IRC Section 7491(C) provides that the IRS shall have the burden of production in a court proceeding related to the appropriateness of applying any penalties, additions to tax, and additional amounts imposed by the Internal Revenue Code on the taxpayer. Given that the majority of the claimed liability Defendant has yet to abate is penalties and interest, Defendant has the burden of production to show the appropriateness of these penalties, and additions to tax. Defendant has not met their burden. When Petitioner has argued Petitioner has paid on the settlement date regarding 940 and 941 taxes, but because of Defendant's use of East Coast time for cut offs, negatively impacts Petitioner with Penalties and Interest. These Penalties fly in the face of Defendant's own policy statement.

29. I. CONSTITUTIONAL VIOLATIONS

30. Petitioners have been denied their Due Process rights under both the Fourteenth and Fifth Amendments, when Petitioners were denied their respective settlement agreements despite that those settlement agreements were signed by Defendant's agent Lucido. Petition has been denied the settlement without being provided a proper hearing, when internal recommendations for Defendant is and has been consistent with Petitioner's requests, yet mid level representatives of Defendant have not followed the rulings made by Defendant's agents Mr. Lucido nor his supervisor, to the detriment of Petitioner.

31. J. COSTS

34. Costs may be awarded by the Court of Federal Claims in tax cases as in other cases. Section 7430 of Title 26, USC provides for an award of costs in tax cases. This is the tax version of the EAJA.

35. K. DAMAGES

36. Petitioner is being faced with interest accruing against Petitioner, when in fact a refund with interest is due Petitioner.

37. L. INTEREST

38. Under Section 301.6402-2(f) (2) of the regulations of the Department of the Treasury provides for interest to be sent to Petitioner's Counsel. Accrued interest is available under 26 U.S.C. Section 6402(1994).

39. M. REQUEST FOR RELIEF

40. Petitioner requests the return of the overpayment, abatement of penalty, abatement of interest, the accrual of interest on the overpayment, as well as legal fees. Attorney fees in tax cases can be obtained under IRS Section 7430, and Equal Access to Justice Act.

Respectfully submitted,

Jeffrey D. Moffatt, Attorney
(661) 945-6121 / Fax (661) 945-3019
43625 N Sierra Hwy, Suite A.
Lancaster, CA 93534
E-mail Address: jeffreymbajd@hotmail.com
Attorney for Petitioner: Meg Gunite, DBA Eagle Shotcrete Inc.