IN THE UNITED STATES COURT OF FEDERAL CLAIMS]

No. 06-832 T
(Judge Francis M. Allegra)

MEG GUNITE, DBA EAGLE SHOTCRETE INC.
Plaintiffs,
V.

THE UNITED STATES,
Defendant,

COMPLAINT FOR REFUND, WRONGFUL PENALTY AND INTEREST, AS WELL AS WRONGFUL DENIAL OF AN OFFER IN COMPROMISE, (1ST AMENDED)

Plaintiff's respectfully moves this Court to grant Plaintiff's Petition for refund, wrongful penalty and interest assessment, as well a determining Defendant wrongfully denied an Offer in Compromise to Plaintiff.

# A.TOPICAL INDEX

A. Topical Index ………………………………………… 2
B. Table of Authorities ……………………………………… 3
C. Statement of issues………………………………………… 5
D. Parties……………………………………………………… 7
E. Introduction……………………………………………… 8
F. Argument………………………………………………… 10

i. PLAINTIFF'S WRONGLY REJECTED OIC 10
ii. IRM 34.1.1.5 (08-11-2004)SUITS BY TAXPAYER ALLEGING IMPROPER ACTS BY THE IRS JURISDICTION ALSO CAN BE OBTAINED FOR UNAUTHORIZED COLLECTION ACTION **11**
iii. THIS COURT CAN REVIEW OF DEFENDANT'S ACTIONS . 12
iv. CONSTITUTIONAL VIOLATIONS 14
v. THE COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS VIA MONEY MANDATING REQUIREMENTS OF THE TUCKER ACT AS MODIFIED BY WHITE MOUNTAIN APACHE TRIBE 15
vi. FEDERAL COURT OF CLAIMS JURISDICTION VIA FISHER v. UNITED STATES, 16
vii. MONEY MANDATING 16
viii. DUE PROCESS VIOLATIONS 17
ix. PLAINTIFF MAY SEEK INJUNCTIVE RELIEVE AS WELL AS EQUITABLE AND EXTRAORDINARY RELIEF UNDER THE TUCKER ACTS AMENDMENT THROUGH THIS COURT. 18
x. REFUND ACTIONS 18
xi. DEFERENCE TO EXECUTIVE AUTHORITY DOES NOT EXTEND TO IGNORING BASIC DUE PROCESS CONSIDERATIONS 19
xii. JURISDICTION EXISTS TO EXAMINE DUE PROCESS CLAIMS 19
xiii. UNITED SALES V. UNITED STATES, 34 FED. CL. 88 CONFERRED LIMITED DECLARATORY JUDGMENT AUTHORITY ON THIS COURT OVER NONMONETARY DISPUTES 21

xiv. PROCEDURAL RIGHTS GUARANTEED IN THE COURT OF CLAIMS 21

xv. THE COURT MAY CONSIDER ALL RELEVANT EVIDENCE, INCLUDING EVIDENCE OUTSIDE THE PLEADINGS WHEN RESOLVING A JURISDICTIONAL CHALLENGE 22

G. Conclusion 23
H. Certification 24

| | | |
|---|---|---|
| Plaintiff's OIC | Exhibit | 1P |
| Plaintiff paid $500 for each quarter in issue, | Exhibit | 2P |
| Plaintiff has requested a refund on the paid amounts, 843 | Exhibit | 2P |
| This refund request has been denied by Defendant, | Exhibit | 3P |
| Denial of OIC by Defendant | Exhibit | 4P |
| Abatement request for Penalties and Interest | Exhibit | 5P |
| Appeal of denial for OIC | Exhibit | 6P |
| Letters to Joe Lucido regarding OIC | Exhibit | 7P |
| Letter from IRS denying appeal on OIC | Exhibit | 8p |

**B TABLE OF AUTHORITIES**

Citadel Industries Inc v. United States *314 F. Supp. 245 (S.D.N.Y. 1970).* *14*

Collier v. United States, 56 Fed. Cl. 354. cited by Johnson v. United States, 79 F. Supp. 208, 211, 111 Ct. Cl. 750 (Ct. Cl. 1948) **20**

Decatur v. Paulding, citied in FISHER v. UNITED STATES, 2-5082 UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT 402 F.3D 1167; 2005 U.S. APP. LEXIS 3911MARCH 9, 2005, 16

Document Management Group v. United States, 11 Cl Ct 463 (1987). 19

FISHER v. UNITED STATES, 2-5082 UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT 402 F.3d 1167; 2005 U.S. App. LEXIS 3911March 9, 2005, 16,19

Gordon v. United States, 227 Ct. Cl 328, 649 F.2d 837(1981) 12,13,14
Johnson v. United States, 79 F. Supp. 208, 211, 111 Ct. Cl. 750 (Ct. Cl. 1948) **20**

Sales v. United States, 34 Fed. Cl. 88 18,21,22
United States v. Williams, 514 U.S. 527 (1995), 12,18,19

United States v. White Mountain Apache Tribe, 537 U.S. 465, 155 L. Ed. 2d 40, 123 S. Ct. 1126 (2003), 15,17
Wilson v. United States, 58 Fed. Cl. 760, 762 (2003) 22

**CONSTITUTIONAL CLAIMS**

Fourteenth 14
Fifth Amendments 14,20

**MISCELLANEOUS**

Administrative Procedure Act 5 U.S.C. § § 551-59, 701-06. 16

Fed. R. Civ. P. 8((a) (2). 21

26 U.S.C. section 6532 ( C) 13

26 USC Sections 7426, 13,17

28.U.S.C.S 1346 (a)(2) ("Little Tucker act**)** **12,13**

**28.U.S.C.S 1491(a)(1)** (" Big Tucker Act'). 12, 13,

RRA 98 7,10
Rev. Rul. 05-49, 2005-30 I.R.B. 125, 2005 WL 1710988 (July 25, 2005) 9
IRM 34.1.1.5 (08-11-2004) UNAUTHORIZED COLLECTION ACTION 11

**IRC Sections**

IRC §6015(b)(1)(D)] 10
IRC §6159 10
IRC 6331(k) 10
IRC 7122 7,9,10,11
2462(b)- 10
3462 10
§3462 (d) 11

## C. STATEMENT OF ISSUES

This is a civil action for wrongful failure to refund Plaintiff by Defendant IRS. This action also covers Statutory Interest for overpayment of funds, as well as wrongful assessment of Interest on penalties, which have been abated, and a request that due process be followed when examining Offer's In Compromise, settlements. Plaintiff further requests this court require Defendant to accept the OIC previously locally approved by Defendant's representative Joe Lucido.

This case revolves around Meg Gunite, DBA Eagle Shotcrete Inc. The EIN is 95-4853907 the years and quarters in question are:

| Form 941 | Year | Quarter | amount | date paid |
|---|---|---|---|---|
| FORM 941 | 2003 | FIRST | 500.00 | 1/11/05 |
| FORM 941 | 2003 | SECOND | 500.00 | 1/11/05 |
| FORM 941 | 2003 | FOURTH | 500.00 | 1/11/05 |

They also continue to the present and continuing to accrue based on the OIC.

Plaintiff had an Offer in Compromise (OIC) approved by the Defendant's local Service office, located in Van Nuys, Ca. Defendant's agent Mr. Lucido advised Plaintiff's Counsel that although recommendations have been made by his office, Defendant's Regional Office is failing to follow through with Defendant's agent, Mr. Lucido's recommendations. Plaintiff contends that proper administrative rules and policies were violated when the Regional Office of Defendant failed to grant Plaintiff the previously approved OIC.

Plaintiff believes that Defendant has cut back the OIC program by 75%, without authorization from Congress, on this congressionally mandated program. This significant cut back, has resulted in short cuts, resulting in denying legitimate requests made by Defendant's own personnel, for an OIC. Plaintiff's OIC is **Exhibit 1P**. The approval notification by Defendant's agent is **Exhibit 7P**.

The IRS has wrongfully caused Plaintiff to incur 940 and 941 penalties from 2003 to present, specifically those years, quarters listed above. Despite the penalties and interest being issued in error, Plaintiff paid $500 for each quarter in issue, **Exhibit 2P**. This error is compounded when the failure to approve Plaintiff's OIC, **Exhibit 1p** is entered into the equation. Plaintiff has requested a refund on the paid amounts, **Exhibit 2P.** This refund request has been denied by Defendant, **Exhibit 3P**, therefore this court has jurisdiction on the refund action of this case alone, given that Trust fund penalties are segregable and do not need to be paid in full prior to requesting a proper refund.

Once reversals are made, Plaintiff will have an overpayment of at least $2,000.00, which will then require Defendant to pay interest to Plaintiff. Therefore Plaintiff requests that this court take jurisdiction as to the interest, failure to abate penalties and overpayments. As such Plaintiff will be due with more than $2,000.oo in overpayment credit.

This Complaint should go forward based on proper subject matter jurisdiction since Plaintiff has identified multiple money-mandating statutes providing for jurisdiction under the Tucker Act as well as other grounds for jurisdiction. Case law, submitted later in this document, provides for the review of executive decisions of

Defendant in this court, when done in violation of Defendant's own rules. This Court has gone so far as to review Executive Military decisions when there is an abuse of due process, which is one of the arguments Plaintiff alleges. This court further has jurisdiction over Constitutional violations when a related money mandate exists. Violations of Defendant's own rules and procedures as well as Constitutional violations have taken place against Plaintiff, which further give this Court jurisdiction to hear the case.

One of the Administrative actions at issue before this Court relates to an Offer in Compromise. The Offer in Compromise program (OIC), is a congressionally mandated program, RRA 98, operated by Defendant IRS , under IRC 7122. When the Congressionally authorized settlement program (OIC) is pending, individuals such as Plaintiff are in a status that removes them from forced collection activities such as levy actions or enforced collections by Defendant. A copy of Plaintiff's OIC is **Exhibit 1p.**

Additionally, case law later cited in this document provides for review of arbitrary and capricious decisions in this court by executive branches of the government. Case law also allows this court to determine if proper procedures were followed. The review of the failure of Defendant to follow proper procedures is judiciable and therefore reviewable. This reviewability gives Plaintiff yet another argument that Plaintiff is properly before this Court.

If Plaintiff's debt had been properly discharged, then the money taken would have been paid on a no longer existing debt. As such a refund action could proceed in this court, even if the Trust fund penalties were not segregable. Because Plaintiff should have

had debt discharged, and a request for the return of paid funds has been made to Defendant and not honored, this court has jurisdiction to hear this case also as a refund action.

## D. PARTIES

Plaintiffs are Meg Gunite DBA Eagle Shotcrete Inc. 24827 San Fernando Road, Box 212 Santa Clarita CA 91321. EIN 95-4853907. The Defendant is the United States of America.

## E. INTRODUCTION

Plaintiff had an OIC approved by Defendant's local representative, Mr. Lucido. To facilitate Plaintiff maintaining in compliance while the OIC was pending, Plaintiff's hired an out of state Payroll processing company to handle deposits to Defendant for trust fund money. Plaintiff would submit the payroll data electronically to the processing company. This payroll company would subsequently send the data to Defendant. However because of Defendant's cut off times focusing around the East Coast time rather than Pacific Coast, Plaintiff was wrongfully issued penalties in error on two occasions.

Plaintiff had transferred to the Payroll company the data and funds for payment of the trust fund on or before the due dates. Defendant however has cut off times based on East coast rather than west coast cut off times, and therefore credited Plaintiff via the payroll service his trust fund money the next business day. This delay resulted in Plaintiff being issued a nominal penalty, which in itself is amazing. The issuance of the penalty resulted in Defendant discontinuing to process the previously approved

OIC. This discontinuance was appealed with no success by Plaintiff, **Exhibit 6P** is the appeal by Plaintiff, and **Exhibit 8p** is the denial of the appeal.

Plaintiff argues the 75% reduction in OIC staff and fund allocation, done by Defendant itself, without Congressional approval, under IRC 7122, in the last year results in Due Process violations and Administrative mishandling. Plaintiff further argues that it is a victim of the Due Process violations and Administrative mishandling by Defendant gives rise to jurisdiction in this Court.

Defendant in Court actions, such as Tax Court uses the date of mailing, not of receipt for posting. The fact Plaintiff has documentation that Plaintiff's payments were initiated on the proper date, should be the sound basis for obtaining a reversal of the penalties, and interest. The insignificant amount of Penalties and Interest in and of themselves indicate the West coast vs East coast timing previously covered. A copy of the request for abatement of the penalties and interest is **Exhibit 5p**. This reversal should allow this Court to direct Defendant to honor the previously locally approved OIC. This reversal should further allow Plaintiff a refund of the overpayment as well as interest on the overages to the extent they exceed the originally agreed OIC amount.

.Reform Act of 1998, **RRA 98,** further authorizes the Secretary to relieve an individual of liability if it would be inequitable to hold the individual liable for any unpaid tax or any deficiency. IRC §6015

**RRA 98** expands the authority for the IRS to accept OIC's. The Act requires the IRS to develop and publish schedules of national and local allowances that will provide taxpayers entering into an offer in compromise with adequate means to provide for basic living expenses [§3462] [IRC §7122].

Prior to the rejection of this Offer, Plaintiff's should have been in a protected collection status. **RRA 98** prohibits the IRS from collecting a tax liability by levy (1) during any period that a taxpayer's offer in compromise for that liability is being processed, (2) during the 30 days following rejection of an offer, (3) during any period in which an appeal of the rejection of an offer is being considered, and (4) while an installment agreement is pending. §2462(b) IRC §6331(k).

As a historical note, the Internal Revenue Service has had a policy since 1959 of foregoing collection during the pendency of an Offer in Compromise. §3462 prohibits a levy while an offer in compromise is pending or an installment agreement pursuant to §6159 is pending. The provision also provides for suspension of collection while an appeal is pending. Such an appeal was made, **Exhibit 6P**

F. **ARGUMENT**

**i. PLAINTIFF'S WRONGLY REJECTED OIC**

This OIC was wrongly rejected despite the data provided, and the initial acceptance by Defendant's employee Mr. Lucido and his Supervisor based on Plaintiff's inability to pay the debt based on submitted financial statements. Exhibit 7P, and Exhibit 1p, page 10 reference the work Plaintiff was doing with Mr. Lucido. Defendant has cut funding to the OIC process by nearly 75% and significantly reduced staff to review OIC's, in violation of the mandate under IRC 7122. This funding decline and staff

reduction has resulted in Plaintiff not having the OIC properly evaluated. Defendant, possibly due to the staffing cut back, has also denied Plaintiff their proper administrative remedies, which again is a Federal Due Process violation.

§3462 (d) now enacts into law specific rights for independent review of Offers in Compromise by the Internal Revenue Service Office of Appeals. Defendant failed to follow the proper procedures for independent review, which also resulted in the wrongful continued assessment of penalties and interest to Plaintiff on the original amount. Therefore, the OIC should be granted, and penalty and interest assessments based on the original amount should cease to accrue, as well as be abated.

**ii IRM 34.1.1.5 (08-11-2004) SUITS BY TAXPAYER ALLEGING IMPROPER ACTS BY THE IRS CAN RESULT IN JURISDICTION. JURISDICTION ALSO CAN BE OBTAINED FOR UNAUTHORIZED COLLECTION ACTION**

Unauthorized Collection Actions. Taxpayers may bring suit for damages if an officer or employee of the Service recklessly or intentionally, or by reason of negligence, disregards any provision of the Code or any regulation there under in connection with any collection of tax. Section 7433. If authority exists to sue Defendant or Defendant’s agents for wrongful acts, then authority exists in this court to claim the return of the money taken as well as any accumulated interest.

Trust fund payments are segregable, and therefore payment of a portion with a request for refund of the paid amount will gain jurisdiction in this court. If however they were not deemed segregable, then United States v. Williams, 514 U.S. 527 (1995), overruled the "longstanding exclusivity rule" with respect to wrongful-levy claims. Williams, held that a party "who paid a tax under protest to remove a lien on her

property, ha[d] standing to bring a refund action under 28 U.S.C. § 1346(a) (1), even though the tax she paid was assessed against a third party," where she had "no realistic alternative to payment of a tax she did not owe" and would otherwise have been left "without a remedy." Williams, at 529.

Plaintiff is exactly in this position in that if the OIC had been approved, they would have been the third party, whom is still being subjected to collection actions; since Plaintiff would no longer would have had a debt owed. As such, Williams, supra is on point as to Plaintiff and this should be alternative grounds for this case to have standing in this court.

Gordon, 649 F.2d at 843-844 held that the statute of limitations for wrongful-levy actions applies to challenges to third-party levy actions brought under the jurisdiction of the Tucker Act, 28 U.S.C. 1491. Gordon here satisfies that the Tucker act applies to wrongful levies and that if Plaintiff's OIC had been properly granted Plaintiff would have been a third party. This third party relationship, under Gordon, allows this court to have jurisdiction on its face, also as an alternative argument.

## iii THIS COURT CAN REVIEW DEFENDANT'S ACTIONS

This Court can review actions of the Defendant, IRS because this Court has Subject Matter jurisdiction. This court can review acts for an abuse of discretion. Plaintiff believes that the basis for Abuse of Discretion parallels the standards of the Federal **Administrative Procedure Act, 5 U.S.C. § 551-59, 701-06,** which looks to determine if the following activities have taken place: (arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and unsupported by substantial

evidence on the whole record; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law). 28.U.S.C.S 1346 (a)(2) ("Little Tucker act**) and 28.U.S.C. 1491(a)(1)** (" Big Tucker Act').

Gordon v. United States, 227 Ct. Cl 328, 649 F.2d 837(1981). held the Court of Claims possesses jurisdiction, pursuant to the Tucker Act, over wrongful levy actions, but that, consistent with 26 U.S.C. section 6532 ( C), such an action must be commenced within nine months of the date of levy. Given that this Complaint is being placed within nine months of a threatened levy to Plaintiff and the stock holders, this Court still has jurisdiction under Gordon, supra.

This case is being brought under the Tucker Act, 28 U.S.C. 1491 (1988), since this case partially revolves around suit for money founded upon (1) the Constitution, (2) an act of Congress, (3) an Executive Order, (4) a Regulation of an Executive Department, or (5) any express or implied–in-fact contract with the United States. Wronged Taxpayers can bring suit under the Tucker act, 28 U.S.C. 1491(a) (1) (1992). The Jurisdiction of the Court is invoked under the authority of 26 USC 7426, and 28 USC 1346 (a) (2) also known as the Little Tucker Act. Jurisdiction is proper here since the present paid and levied amount is less than $10,000.00, relating to the jurisdiction of the Court of Claims in refund suits.

The Court of Claims has proper jurisdiction also under Gordon v. United States, for wrongful levy actions. 227 Ct. Cl 328 649 F. 2d 837 (1981) as well as Document Management Group v. United States, 11 Cl Ct 463 (1987).

In **Amoco**, the Court of Federal Claims advised it had jurisdiction to hear a claim for statutory interest, and that the claim procedures of IRC 7422(a) were not required. Plaintiff argues they can similarly file a claim for statutory interest since interest has attached to penalties that should be waived given the West coast vs East Coast processing times. The fact that penalties still exist, and interest has compounded upon them, despite the OIC argument, and Plaintiff has requested a removal unsuccessfully gives this court jurisdiction to hear the case, based on Defendant's failure to abate those same penalties and interest under Amoco. .

In **Citadel Industries Inc v. United States**, the Court of Federal Claims assumed subject matter jurisdiction for interest alone. Plaintiff believes that also under Citadel, this court has jurisdiction on the interest assessed in Plaintiff's case which was assessed when Defendant used a different date than paid date for the Trust fund deposits. This Court also should have jurisdiction based on interest that would have been abated if the OIC had been properly granted.

This case solely involves the taking of money and the return of that money, as well as interest on that money. As such, the Court of Federal Claims is the proper forum.

iv. **CONSTITUTIONAL VIOLATIONS**

Plaintiff has been denied Due Process rights under both the Fourteenth and Fifth Amendments, when Plaintiff was denied their OIC settlement agreement without being provided a proper hearing. The logic of the Due Process violations is the Defendant also failed to follow proper administrative procedures when it denied Plaintiff's OIC, when there is no conceivable way to deny the OIC when all the facts and circumstances

are viewed. Another Due process violation was the unlawful taking of Plaintiff's property by the Defendant's acceptance 940 and 941 payments made by Plaintiff, and the failure to return that money upon refund requests, since the OIC should have been granted.

**<u>v. THE COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS VIA MONEY MANDATING REQUIREMENTS OF THE TUCKER ACT AS MODIFIED BY WHITE MOUNTAIN APACHE TRIBE</u>**

Plaintiff can establish the existence of a money-mandating law source in order for the Court of Federal Claims to have subject matter jurisdiction over the case under the Tucker Act. Recently, in <u>United States v. White Mountain Apache Tribe</u>, 537 U.S. 465, 155 L. Ed. 2d 40, 123 S. Ct. 1126 (2003), the Supreme Court restated the test for determination of whether a statute is money-mandating for Tucker Act jurisdictional purposes. After repeating the test from Mitchell II, the Court stated that:

"This "fair interpretation" rule demands a showing demonstrably lower than the standard for the initial waiver of sovereign immunity . . . . It is enough, then, that a statute creating a Tucker Act right is reasonably amenable to the reading that it mandates a right of recovery in damages. While the premise to a Tucker Act claim will not be "lightly inferred," . . . a fair inference will do." Plaintiff has made that fair inference here based on improper acts of Defendant which come with those acts recovery amounts, as such jurisdiction exists.

**<u>vi. FEDERAL COURT OF CLAIMS JURISDICTION VIA FISHER v. UNITED STATES,</u>**

"It would extend unduly this opinion to recite in detail the evolution of judicial review of administrative action during the more than 160 years since Decatur v. Paulding, including the impact of Congress' enactment in 1946 of the Administrative Procedure Act (the APA). 5 U.S.C. § 551-59, 701-06. Today the doctrine of non-reviewability of Executive action is understood to have lost much of its force; although the doctrine has occasional resurgences, it is now generally accepted that there is a presumption in favor of judicial review of Administrative action, except when Congress has expressly mandated otherwise. FISHER v. UNITED STATES, 2-5082 UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT 402 F.3D 1167;

This same trend for judicial review of Administrative actions should be followed as to Defendant in Tax related issues. Although deference is often given to Defendant, this deference should be tempered based on the trend to not grant Defendant an unchecked ability to commit violations of Due Process and its violations of its own internal procedures without judicial oversight. To argue otherwise would leave the Internal Revenue Code under Defendant's control, as having a higher level of deference to its own decision than military decisions which this court can review. This deference would be in error. Creating case law that Defendant's actions, or Defendant's administrative actions are beyond review, creates disastrous results when compounded by the fact, Defendant is currently outsourcing collection activity.

## vii MONEY MANDATING

The Taxpayer Bill of Rights 2 (TBOR2), Public Law 104-168 (110 Stat. 1465), amended section 7433 of the Internal Revenue Code of 1986 (Code) by increasing the

maximum amount of damages a taxpayer may be awarded for unlawful collection actions from $100,000.00 to $1,000,000.00 This TBOR2, creates a money mandating requirement, when viewed under White Mountain Apache, supra, given "that a statute creating a Tucker Act right be reasonably amenable to the reading that it mandates a right of recovery in damages." The fact such a right exists, with TOBOR2, satisfies the money mandating requirement.

RRA 1998 added subsection (h) to section 7426. Subsection (h) authorizes persons to sue the United States in Federal District Court for damages due to a wrongful levy caused by the reckless or intentional, or negligent, disregard of a provision of the Code. Federal District Court and the Court of Claims parallel jurisdiction against Defendant, when only money is being sought. Therefore, this section (h) also should allow the Federal Court of Claims jurisdiction given the negligence by Defendant on the failure to abate penalties and interest, as well as failure to grant the OIC. Jurisdiction may also be granted on inappropriate collection activities since levy actions have been threatened by Defendant to both Plaintiff as a corporation, and the share holders of the corporation as individuals.

**viii DUE PROCESS VIOLATIONS.**

Plaintiff suffered different due process violations**.** These respective violations cover the due process violation requirements necessary for jurisdiction in this Court. These violations are sufficient enough to provide the requisite notice to Defendant, such that the claims are kept alive.

**ix PLAINTIFF MAY SEEK INJUNCTIVE RELIEVE AS WELL AS EQUITABLE AND EXTRAORDINARY RELIEF UNDER THE TUCKER ACTS AMENDMENT THROUGH THIS COURT.**

Equitable and extraordinary relief is available after the amending of the Tucker act. United Sales v. United States, 34 Fed. Cl. 88 "In 1988, however, the Tucker Act was amended, conferring limited declaratory judgment authority on this court over nonmonetary disputes. The amendment provides in pertinent part: "(3) To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security." Defendant being neither national defense nor national security arms of the government falls outside the deference protective bubble set forth in Sales, infra. Plaintiff can then, through this court, obtain injunctive relief, as well as equitable and extraordinary relief under the Tucker acts amendment.

**x REFUND ACTIONS**

28 U.S.C. 1346(a) (1) authorizes an action to recover erroneously collected taxes. *WWSM Investors v. United States*, 64 F.3d 456 (9th Cir. 1995) held that a third person claiming an interest in property levied upon by the Service may file a refund suit after the nine-month limitations period for filing a wrongful levy suit has run. *United States v. Williams*, 514 U.S. 527 (1995), held that 28 U.S.C. § 1346(a)(1) permits a refund suit when a third person pays a tax under protest to discharge a tax lien from its property. The Supreme Court's opinion in *Williams* was premised on a finding that in

the absence of a refund suit, the third person would have no meaningful judicial remedy. To be in line with Williams, allowing Plaintiff an opportunity to challenge the failure to refund the paid 940 and 941 taxes as well as the administrative and Constitutional violations is both fair and equitable as operation of law. Additionally the Third party refund analysis is proper, as an alternative theory, since Plaintiff would have been a third party if the OIC had been properly administered.

**xi DEFERENCE TO EXECUTIVE AUTHORITY DOES NOT EXTEND TO IGNORING BASIC DUE PROCESS CONSIDERATIONS**

"[D]eference to Executive authority does not extend to ignoring basic due process considerations, however, when there is a question of whether reasonable process has been followed, and whether the decision maker has complied with established procedures, courts will intervene, though only to ensure that the decision is made in the proper manner." Fisher Appeals, Supra. Given that Plaintiff was not afforded the established procedures, and Plaintiff should be allowed to have a determination as to the reasonable processes and procedures which should have been followed, but were not. This Court should review this case based on Defendant ignoring basic due process considerations as to the denial of the OIC, the appeal of the OIC and the failure to abate penalties and interest assessed by the East Coast cut off times, when Plaintiff is in the West Coast.

**xii.JURISDICTION EXISTS TO EXAMINE DUE PROCESS CLAIMS**

This Court has jurisdiction for Due Process claims when they are tied to a money-mandating requirement. Here Plaintiff has, among other claims, a Fifth Amendment claim. Because of this Fifth Amendment claim, Plaintiff's case will satisfy the element

that Collier did not because Collier failed "to state a Fifth Amendment takings claim" Collier v. United States, 56 Fed. Cl. 354. cited by Johnson v. United States, 79 F. Supp. 208, 211, 111 Ct. Cl. 750 (Ct. Cl. 1948), Plaintiff therefore will have a proper Fifth Amendment taking case since the OIC was not properly administered. If the OIC would have been administered properly, this would have substantially dismissed Plaintiff's debt. Payment was made on this excess debt and has not been returned to Plaintiff, as such the Collier argument is satisfied since a Fifth Amendment taking is argued. This Due Process argument satisfies the basic element of a Fifth Amendment taking case, which also allows jurisdiction to exist here. Alternatively by Defendant doing the above actions, they have deprived Plaintiff of primarily Federal funds and Federal benefits, which allows a legitimate Fifth Amendment claim to exist.

## xiii **BURDEN OF PRODUCTION SHIFTS REGARDING THE APPROPRIATNESS OF PENALTIES.**

IRC Section 7491(C) provides that the IRS shall have the burden of production in a court proceeding related to the appropriateness of applying any penalties, additions to tax, and additional amounts imposed by the Internal Revenue Code on the taxpayer. Given that the OIC failed when Defendant issued and failed to abate penalties and interest despite protests by Plaintiff, Defendant has not met the burden under 7491(c ) which would allow for those penalties and additions to tax to survive Defendant has the burden of production to show the appropriateness of these penalties, and additions to tax. Defendant has not met their burden which created the OIC denial. This failure in itself,

could be the basis that the court uses to find administrative error by Defendant.

**xiv UNITED SALES V. UNITED STATES, 34 FED. CL. 88 CONFERRED LIMITED DECLARATORY JUDGMENT AUTHORITY ON THIS COURT OVER NONMONETARY DISPUTES**

Additionally, United Sales v. United States, 34 Fed. Cl. 88 conferred limited declaratory judgment authority on this court over nonmonetary disputes.

"[W]hen important individual rights are at issue and are allegedly the subject of administrative abuse, it can be argued that some room must remain for effective judicial review…" Given that even non monetary disputes now have jurisdiction in the Court of Claims under Sales, the administrative actions of Defendant as to the improper levy during a protected period should similarly be reviewed.

**xiv PROCEDURAL RIGHTS GUARANTEED IN THE COURT OF CLAIMS**

The Court of Claims in Scroggins v. United States, 184 Ct. Cl. 530, 397 F.2d 295 (1968), "[T]here remained a residual level of review despite the statute: disability decisions could be reviewed under a highly deferential standard to determine whether there had been "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative decision." Id. at 297 (internal quotation marks omitted)." This substantial deviation from procedural rights that took place in an arguable protected area, military

actions, similarly gives Plaintiff the ability to have the Court of Claims review deviations of procedure from Defendant IRS.

**xv THE COURT MAY CONSIDER ALL RELEVANT EVIDENCE, INCLUDING EVIDENCE OUTSIDE THE PLEADINGS WHEN RESOLVING A JURISDICTIONAL CHALLENGE**

Further, the Court may consider all relevant evidence, including evidence outside the pleadings when resolving a jurisdictional challenge." Wilson v. United States, 58 Fed. Cl. 760, 762 (2003) Plaintiff contends that by the expanded version of looking at relevant evidence combined with looking at the pleadings the jurisdictional challenge grants it a jurisdictional ticket to this Court of Claims forum.

United Sales v. United States, 34 Fed. Cl. 88 provides for the expanded jurisdiction, in even non monetary disputes. "In 1988, however, the Tucker Act was amended, conferring limited declaratory judgment authority on this court over nonmonetary disputes." As such by the Congressional expansion of Tucker, as well as the case law in Sales, infra. This expansion is yet another reason to allow Plaintiff's case to progress.

**CONCLUSION**,

Plaintiff requests the OIC to be granted in accourdance with the Congressonaly mandated authority. Plaintiff further requests Refund Action to be complied with, excess penalties and interest assessed by the prior denial of the OIC abated. Plaintiff further requests that penalties and interest assessed based on the East Coast processing time of Plaintiff's Trust fund deposits, be abated

Respectfully submitted,

04/09/07 s/Jeffrey D. Moffatt

Admitted U.S. Supreme Court and U.S. Court of Federal Claims
Attorney for Plaintiff Meg Gunite, DBA Eagle Shotcrete Inc.
(661) 945-6121 / Fax (661) 945-3019
43625 N Sierra Hwy, Suite A.
Lancaster, CA 93534
E-mail Address: jeffreymbajd@hotmail.com

CERTIFICATE OF FILING

I hereby certify that on April 9, 2007, a copy of the foregoing "PLAINTIFF'S FIRST AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

.