IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-832 T

(Judge Francis M. Allegra)

MEG GUNITE, DBA EAGLE SHOTCRETE INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

# ANSWER

Defendant, the United States, through its attorneys, hereby answers plaintiff's complaint. Defendant respectfully denies each and every allegation contained therein that is not admitted below. [1]

Defendant further responds as follows:

With respect to the unnumbered paragraph (of p.1) of the complaint, denies that plaintiff is entitled to the relief requested.

[1] Plaintiff submitted two copies of the 1st Amended Complaint. Document No. 10 contained the 1st Amended Complaint without attachments. Document No 10-2 contained the 1st Amended Complaint with attachments. Defendant repeats the responses set forth in this answer in response to Document Nos. 10 and 10-2.

**A. TOPICAL INDEX**

Admits that plaintiff has attached a topical index (pp. 2-3) to the complaint.

**B. TABLE OF AUTHORITIES**

Admits that plaintiff has attached a table of authorities (pp. 3-4) to the complaint.

**C. STATEMENT OF ISSUES**

1. Admits the allegations in the first sentence of ¶ 1 of Section C of the complaint, except avers that the Defendant is the United States. [2] Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. Denies that plaintiff is entitled to the relief requested in the third sentence.

2. Admits the allegations in the first sentence of ¶ 2 of Section C of the complaint. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 2 of Section C of the complaint with respect to the $500 payment for the fourth quarter; admits the remaining allegations except avers that payments were made on January 18, 2005, for the first quarter and payments were made on February 8, 2005, for the second quarter. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

3. Denies the allegations in the first sentence in ¶ 3 of Section C of the complaint. Denies the allegation in the second sentence that Mr. Lucido is defendant's agent; admits the remaining allegations. Denies the allegations in the third sentence.

---

[2] The paragraph's in Plaintiff's complaint are unnumbered. The United States has numbered the paragraphs beginning with Section C and incorporates plaintiff's headings to aid with tracking defendant's responses to the complaint's allegations.

4. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 4 of Section C of the complaint. Denies the allegation in the second sentence. With respect to the third sentence, admits that a copy of plaintiff's OIC is attached to the complaint as Exhibit 1P. Denies the allegations in the fourth sentence.

5. Denies the allegations in the first sentence of ¶ 5 of Section C of the complaint. With respect to the second sentence, admits that plaintiff paid $500 for the first and second quarters in issue; avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff paid $500 for the fourth quarter in issue; and denies the remaining allegations. Denies the allegations in the third sentence. With respect to the fourth sentence, avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the amount paid for the fourth quarter in issue; admits the remaining allegations. Denies the allegation in the fifth sentence that plaintiff's refund request has been denied by defendant; avers that the remaining allegations are contentions of law to which no response is required.

6. Denies the allegations in the first sentence of ¶ 6 of Section C of the complaint. Admits the allegations in the second sentence that plaintiff seeks the relief stated. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

7. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 7 of Section C of the complaint.

Avers that the allegations in the second, third and fourth sentences are contentions of law to which no response is required. Denies the allegations in the fifth sentence.

8. Admits the allegations in the first sentence in ¶ 8 of Section C of the complaint that plaintiff raises an issue that relates to an Offer in Compromise. Avers that the allegations in the second and third sentences are contentions of law to which no response is required. With respect to the fourth sentence, admits that a copy of plaintiff's Offer in Compromise is attached to the complaint as Exhibit 1p.

9. Avers that the allegations in the first and second sentences of ¶ 9 of Section C of the complaint are contentions of law to which no response is required. Denies the allegations in the third and fourth sentences.

10. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of ¶ 10 of Section C of the complaint. With respect to the third sentence, admits that plaintiff filed requests for refunds which the IRS was unable to process. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence.

## D. PARTIES

11. Admits the allegations in ¶11 of Section D of the complaint.

## E. INTRODUCTION

12. Denies the allegations in the first sentence of ¶ 12 of Section E of the complaint. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in the second, third, and fourth sentences. Denies the allegations in the fifth sentence.

13. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of ¶ 13 of Section E of the complaint. Denies the allegations in the third, fourth, and fifth sentences.

14. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 14 of Section E of the complaint. Denies the allegations in the second sentence that there were due process violations and administrative mishandling by defendant; avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

15. Avers that the allegations in the first sentence of ¶ 15 of Section E of the complaint are contentions of law to which no response is required. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences. With respect to the fourth sentence, admits that a copy of a document is attached to the complaint as Exhibit 5p; avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Denies the allegations in the fifth and sixth sentences. Avers that the allegations in the seventh sentence of ¶ 15 are contentions of law to which no response is required.

16. Avers that the allegations in ¶ 16 of Section E of the complaint are contentions of law to which no response is required.

17. Denies the allegation in the first sentence of ¶ 17 of Section E of the complaint that plaintiff’s offer was rejected; avers that defendant presently lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations. Avers that the allegations in the second and third sentences are contentions of law to which no response is required.

18. Avers that the allegations in the first, second, and third sentences of ¶ 18 of Section E of the complaint are contentions of law to which no response is required. Denies the allegations in the fourth sentence.

**F. ARGUMENT**

**i. PLAINTIFF'S WRONGLY REJECTED OIC**

19. Denies the allegations in the first sentence of ¶ 19 of Section F (i) of the complaint. With respect to the second sentence, admits that the referenced exhibits refer to Mr. Lucido; avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Avers that the allegations in the third sentence are contentions of law to which no response is required. Denies the allegations in the fourth and fifth sentences.

20. Avers that the allegations in the first sentence of ¶ 20 of Section F(I) of the complaint are contentions of law to which no response is required. Denies the allegations in the second and third sentences.

**ii. IRM 34.1.15 (08-11-2004) SUITS BY TAXPAYER ALLEGING IMPROPER ACTS BY THE IRS CAN RESULT IN JURISDICTION. JURISDICTION ALSO CAN BE OBTAINED FOR UNAUTHORIZED COLLECTION ACTION**

21. Avers that the allegations in ¶ 21 of Section F(ii) of the complaint are contentions of law to which no response is required.

22. Avers that the allegations in ¶ 22 of Section F(ii) of the complaint are contentions of law to which no response is required.

23. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 23 of Section F(ii) of the complaint. Avers that the allegations in the second sentence are contentions of law to which no response is required.

24. Avers that the allegations in ¶ 24 of Section F(ii) of the complaint are contentions of law to which no response is required.

**iii THIS COURT CAN REVIEW DEFENDANT'S ACTIONS**

25. Avers that the allegations in ¶ 25 of Section F(iii) of the complaint are contentions of law to which no response is required.

26. Avers that the allegations in ¶ 26 of Section F(iii) of the complaint are contentions of law to which no response is required.

27. Admits the allegation in the first sentence of ¶ 27 of Section F(iii) of the complaint that this case is brought under 28 U.S.C. § 1491; avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Avers that the allegations in the second sentence are contentions of law to which no response is required. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences.

28. Avers that the allegations in ¶ 28 of Section F(iii) of the complaint are contentions of law to which no response is required.

29. Avers that the allegations in the first sentence of ¶ 29 of Section F(iii) of the complaint are contentions of law to which no response is required. Avers that defendant

presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences.

30. Avers that the allegations in the first sentence of ¶ 30 of Section F(iii) of the complaint are contentions of law to which no response is required. Avers that the allegations in the second sentence regarding *Citadel* are contentions of law to which no response is required. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**iv. CONSTITUTIONAL VIOLATIONS**

31. Denies the allegations in ¶ 31 of Section F(iv) of the complaint.

**v. THE COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS VIA MONEY MANDATING REQUIREMENTS OF THE TUCKER ACT AS MODIFIED BY WHITE APACHE TRIBE**

32. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 32 of Section F(v) of the complaint. Avers that the allegations in the second and third sentences are contentions of law to which no response is required. Denies the allegation in the fourth sentence that there were improper acts by defendant; avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence.

**vi. FEDERAL COURT OF CLAIMS JURISDICTION VIA FISCHER v. UNITED STATES**

33. Avers that the allegations in ¶ 33 of Section F(vi) of the complaint are contentions of law to which no response is required.

34. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 34 of Section F(vi) of the complaint. Denies the allegations in the second sentence that defendant committed violations of due process and violations of its own internal procedures; avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences. Avers that the allegations in the fifth sentence are contentions of law to which no response is required.

**vii. MONEY MANDATING**

35. Avers that the allegations in ¶ 35 of Section F(vii) of the complaint are contentions of law to which no response is required.

36. Avers that the allegations in the first, second, and third sentences of ¶ 36 of Section F(vii) of the complaint are contentions of law to which no response is required. Denies the allegations in the fourth and fifth sentences.

**viii. DUE PROCESS VIOLATIONS.**

37. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 37 of Section F(viii) of the complaint.

**ix. PLAINTIFF MAY SEEK INJUNCTIVE RELIEVE AS WELL AS EQUITABLE AND EXTRAORDINARY RELIEF UNDER THE TUCKER ACTS [SIC] AMENDMENT THROUGH THIS COURT.**

38. Avers that the allegations in ¶ 38 of Section F(ix) of the complaint are contentions of law to which no response is required.

**x. REFUND ACTIONS**

39. Avers that the allegations in the first, second, third, fourth, and fifth sentences of ¶ 39 of Section F(x) of the complaint are contentions of law to which no response is required. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence.

**xi. DEFERENCE TO EXECUTIVE AUTHORITY DOES NOT EXTEND TO IGNORING BASIC DUE PROCESS CONSIDERATIONS**

40. Avers that the allegations in the first sentence of ¶ 40 of Section F(xi) of the complaint are contentions of law to which no response is required. Denies the allegations in the second and third sentences.

**xii. JURISDICTION EXISTS TO EXAMINE DUE PROCESS CLAIMS**

41. Avers that the allegations in the first and third sentences of ¶ 41 of Section F(xii) of the complaint are contentions of law to which no response is required. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. Avers that the allegations in the fourth sentence regarding *Johnson* are contentions of law to which no response is required; denies the remaining allegations. Denies the allegations in the fifth sentence. Avers that the allegations in the sixth sentence regarding Collier and a Fifth Amendment taking are contentions of law to which no response is required; avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Denies the allegations in the seventh and eight sentences.

**xiii. BURDEN OF PRODUCTION SHIFTS REGARDING THE APPROPRIATNESS [sic] OF PENALTIES.**

42. Avers that the allegations in the first sentence of ¶ 42 of Section F(xiii) of the complaint are contentions of law to which no response is required. Denies the allegations in the second sentence that defendant has the burden of production regarding penalties and additions to tax; avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Denies the allegations in the third and fourth sentences.

**xiv UNITED SALES V. UNITED STATES, 34 FED. CL. 88 CONFERRED LIMITED DECLARATORY JUDGMENT AUTHORITY ON THIS COURT OVER NONMONETARY DISPUTES.**

43. Avers that the allegations in ¶ 43 of Section F(xiv) of the complaint are contentions of law to which no response is required.

**xiv.[sic] PROCEDURAL RIGHTS GUARANTEED IN THE COURT OF CLAIMS**

44. Avers that the allegations in ¶ 44 of Section F(xiv) of the complaint are contentions of law to which no response is required.

**xv. THE COURT MAY CONSIDER ALL RELEVANT EVIDENCE, INCLUDING EVIDENCE OUTSIDE THE PLEADINGS WHEN RESOLVING A JURISDICTIONAL CHALLENGE**

45.- 46. Avers that the allegations in ¶¶ 45-46 of Section F(xv) of the complaint are contentions of law to which no response is required.

**CONCLUSION**

Denies that plaintiff is entitled to the relief requested in the conclusion.

## COUNTERCLAIM

47. This counterclaim has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Chief of the Court of Federal Claims Section, a delegate of the Attorney General of the United States, pursuant to the provisions of Section 7401 of the Internal Revenue Code.

48. Jurisdiction over this counterclaim is conferred on the court by 28 U.S.C. § 1503.

49. On April 30, 2003, plaintiff filed its Employer's Quarterly Federal Tax Return (Form 941) for the quarter ended March 31, 2003. On May 26, 2003, plaintiff was assessed $41,047.52 pursuant to the return filed for the quarter ended March 31, 2003. The unpaid balance of plaintiff's employment tax liability for the quarter ended March 31, 2003, with associated penalties and interest is $14,702.86.

50. On July 31, 2003, plaintiff filed its Employer's Quarterly Federal Tax Return (Form 941) for the quarter ended June 30, 2003. On August 25, 2003, plaintiff was assessed $25,704.12 pursuant to the return filed for the quarter ended June 30, 2003. The unpaid balance of plaintiff's employment tax liability for the quarter ended June 30, 2003, with associated penalties and interest is $29,276.43.

51. On January 31, 2004, plaintiff filed its Employer's Quarterly Federal Tax Return (Form 941) for the quarter ended December 31, 2003. On February 23, 2004, plaintiff was assessed $21, 475.89 pursuant to the return filed for the quarter ended December 31, 2003. The unpaid balance of plaintiff's employment tax liability for the quarter ended December 31, 2003, with associated penalties and interest is $17,041.57

52. The unpaid balance of plaintiff's employment tax liability for the first quarter, second quarter, and fourth quarters of 2003, with associated interest and penalties is $61,020.86.

**AFFIRMATIVE DEFENSES**

53. Pursuant to RCFC 8 (c), defendant sets forth the following affirmative defenses in response to plaintiff's complaint:

a. Pursuant to I.R.C. §7422(a) and Treas. Reg. § 301.6402-2(b)(1), plaintiff failed to file a proper claim for refund for the periods in issue.

b. Plaintiff failed to establish that it has paid the tax on a single transaction for each period in issue.

c. Plaintiff raises constitutional claims which are beyond the scope of 28 U.S.C. § 1491(a)(1).

d. The Court lacks authority to grant the declaratory and injunctive relief which plaintiff seeks.

WHEREFORE, defendant prays that the complaint be dismissed with costs assessed against plaintiff.

Respectfully submitted,

s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
GEORGE R. STEWART
Reviewer

s/George R. Stewart
Of Counsel

May 16, 2007