IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-832 T

(Judge Francis M. Allegra)

MEG GUNITE, DBA EAGLE SHOTCRETE INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

# JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A to the Rules of the United States Court of Federal Claims, the parties submit the following information:

In Response to Paragraph 4 of Appendix A:

a. Jurisdiction. The parties believe that, if this Court has jurisdiction, it is based upon 28 U.S.C. § 1491 (a)(1).

b. Consolidation. The parties are unaware of any case with which this case should be consolidated.

c. Bifurcation of trial. While the parties agree that separate trials on the questions of liability and damages (i.e., the amount of any overpayment of tax and interest) should be

unnecessary in this case, we would ask that the Court determine the question of liability only and thereafter permit the parties a reasonable period of time within which to perform and agree upon any necessary recomputation of tax liability and interest due, with a view to the parties submitting an agreed stipulation as to the amount of the judgment. This will avoid unnecessary time at trial devoted to the question of computations.

d. Deferral of proceedings. The parties know of no case pending before this Court that would justify deferral of proceedings in this case.

e. Remand or suspension. The parties do not now anticipate seeking a suspension of this case, and remand of a tax refund suit is inappropriate.

f. Additional parties. The parties do not know of any additional parties to be joined.

g. Dispositive motions. At this time, defendant anticipates filing a dispositive motion. Defendant anticipates that the motion will be filed within sixty days after the close of discovery. If circumstances change based upon facts developed during discovery defendant will notify the Court and propose a revised schedule for any intended filing.

h. Issues. The issue in any tax refund case is whether the plaintiff has overpaid its tax liability. The following are the subsidiary issue that the parties have identified at this time:

1. Whether pursuant to I.R.C. § 7422(a) and Treas. Reg. § 301.6402-2(b)(1), plaintiff filed proper claims for refund for the periods in issue?

2. Whether plaintiff established that it has paid the tax on a single transaction for each period in issue?

3. Whether the constitutional claims raised by plaintiff are beyond the scope of 28 U.S.C. § 1491(a)(1)?

4. Whether the Court lacks authority to grant the declaratory and injunctive relief which plaintiff seeks?

I. Settlement and ADR. The parties contemplate future settlement negotiations. At this time, the parties cannot tell whether ADR is a viable alternative in this case. If it later appears that ADR would be beneficial, the parties will advise the Court.

j. Trial. Further development of the factual record will be required before plaintiff can determine whether a trial will be necessary in this case. Defendant anticipates filing a dispositive motion.

k. Special issues. The parties do not know of any special issues regarding electronic case management needs.

l. Other information. The parties do not know of any other information of which the Court should be aware.

In Response to Paragraph 5 of Appendix A:

The parties propose the following tentative schedule for completion of fact discovery[1] and other pretrial matters:

1. Discovery by the parties shall be completed by January 30, 2008.

2. Within 30 days following the close of discovery, the parties shall file a joint status report respecting proposed further proceedings in this case.

---

[1] The parties do not anticipate that any expert witnesses will prepare expert reports or be called to testify in this action.

Respectfully submitted,

7/6/2007
Date

s/Jeffrey D. Moffatt
JEFFREY D. MOFFATT, ESQUIRE
43625 N. Sierra Highway, Suite A
Lancaster, CA 93534

(661) 945-6121

Attorney for Plaintiff

7/6/2007
Date

s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
GEORGE R. STEWART
Reviewer

7/6/2007
Date

s/George R. Stewart
Of Counsel

Attorneys for Defendant