IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-832 T

(Judge Francis M. Allegra)

MEG GUNITE, DBA EAGLE SHOTCRETE INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

PLAINTIFF'S MOTION FOR RELIEF FROM COURT ORDER FOR A STIPULATION OF PARTIAL DISMISSAL AND REQUESTS TO FILE A SECOND AMENDED COMPLAINT

Plaintiff respectfully moves for relief from the Court's order July 31, 2007, and due by August 31, 2007, related to Stipulation of Partial Dismissal. Plaintiff requests relief so that Plaintiff may promptly file a Second Amended Complaint in this action.

Plaintiff desires to introduce supplemental arguments, which are necessary to preserve this case.

The following supplemental arguments were not recognized within Plaintiff's amended complaint sufficient such that the previous Stipulation of Partial dismissal would not allow the supplemental arguments to proceed. As such, Plaintiff requests this Court grant a Second Amended Complaint to allow a briefing and analysis on the following arguments.

Additionally, an amended complaint was done under the request of this Court. Therefore, Plaintiff was essentially denied his ability to amend the complaint freely without leave of this Court.

The supplemental arguments, which will be expanded in a Second Amended Complaint if granted to Plaintiff and the brief summary of the arguments, are as follows:

1. Plaintiff argues that the reduction in staff for the Offer in Compromise (OIC) program was not authorized by Congress, which undermines the spirit of the Offer in Compromise program. The reduction in staff is a violation of OMB A-123, as well as a violation of IRC 7122.1, codified within Code of Federal Regulations 26 Part 301.7122.1.

2. OMB Circular A-123 Management's Responsibility for Internal Control: "Requires that IRS ensure that appropriate authority, responsibility, and accountability are defined and delegated to accomplish the mission of the organization and that an appropriate organizational structure is established to effectively carry out the program responsibilities."

3. Identification of misused money creates a claim for money damages because IRS has failed to abide by the OMB Circular A-123, in the handling of the Offer in Compromise program, which creates standing under the False Claims Act.

4. The failure to return OIC funds to Plaintiff and wrongfully withholding Plaintiff's funds IRS has violated IRC Section 7122 codified within Code of Federal Regulations 301.7122.1((h). The failure to return Plaintiff's money and wrongfully withholding of Plaintiff's money causes this Court to have jurisdiction under the Tucker Act.

5. By the IRS having a significant reduction in staff IRS has by "defacto" eliminated the federal Offer in Compromise program. As such, IRS is also in violation Federal Managers' Financial Integrity Act of 1982 as codified in 31 U.S.C. 3512, authority within the OMB Circular A-123.

6. According to the "Red Book" authored by The United States General Accounting Office – Office of the General Counsel, entitled Principals of Federal Appropriations Law Third Edition, Volume 1 January 2004, footnote 1-3 Chapter 1 Section B. "no money can be paid out of the Treasury unless it has been appropriated by an act of Congress." Cincinnati Soap v. United States, 301 U.S. 308, 321 (1937). As such, on an annual basis IRS is appropriated substantial moneys by Congress, to carry out the OIC federal program.

7. The Offer in Compromise Program has essentially been canceled without the approval of Congress; the continued appropriation for the program is a misuse of appropriated federal money.

8. IRC § 6159 Part Payment Installment agreement and how the requirements of 6159 were satisfied under Ullman in this case. See United States v. Ullman, 2002-1 U.S. Tax Case. (CCH) P50, 428.

9. IRC § 6159 additionally provide jurisdiction to this Court via the Tucker Act.

10. IRC § 6159 Part Pay Installment agreements use business trust fund accounts under the guidelines in IRM 5.14.7.4.1(7).

11. The American Jobs Creation Act of 2004 amended IRC § 6159 to provide authority to settle debts for less than the face amount.

12. Brazos, infra "Cancellation of debt owed to the federal government under such circumstances is just as much a form of monetary damages for purposes of the Tucker Act as the direct payment by the federal government of conventional monetary damages." Brazos coupled with IRC 6159 creates Tucker act standing.

13. "The United States Court of Appeals for the Federal Circuit has held that the moiety statute authorizing an award of compensation to informants is 'money mandating,' thus giving the Court of Federal Claims subject matter jurisdiction over an informant's action to recover an award under the statute, even though the Secretary of the Treasury has some discretion to determine the amount of the award within prescribed limits." U.S.A. Court of Claims A Desk Book for

Practitioners, page 14, citing Prevado Village Partnership v. United states, 3 CL CT 219 ( 1983).

14. Defendant wrongfully denied Plaintiff's Offer in Compromise submitted on 6/23/05. Defendant claimed that Plaintiff "did not make timely federal deposits during our investigation of your offer." This contention by Defendant was in error since Plaintiff used a payroll company and that company received the deposit on time. The Problem was created by Defendant not having a system setup that is synchronized on west coast cut off times and instead credited Plaintiff's federal deposits the next business day. This next business day was a claimed late payment, as such Plaintiff was issued both a penalty and rejection of Plaintiff's Offer in Compromise by Defendant. By Defendant issuing a rejection decision and penalty to Plaintiff, Defendant has failed to have effective internal control over the OIC program, thus not running the OIC program efficiently. Defendants failure violates OMB Circular A-123 and the spirit of the Offer in Compromise program under 26 U.S.C. §7122. This violation of OMB A-123 and misspending of money creates standing in this Court.

WHEREFORE, Plaintiff requests this motion be granted for relief from the Court Order and request to file a Second Amended Complaint in this action.

Respectfully submitted,

August 31, 2007, Friday

s/Jeffrey D. Moffatt

Bar Admission: U.S. Court of Federal Claims / U.S. Supreme Court
Attorney for Plaintiff
MEG Gunite, DBA Eagle Shotcrete Inc.
43625 N. Sierra Hwy, Suite A
Lancaster, CA 93534
Telephone No.: (661) 945-6121
Facsimile No.: (661) 945-3019
E-mail: jeffreymbajd@hotmail.com

CERTIFICATE OF FILING

I hereby certify that on August 31, 2007, a copy of the foregoing "PLAINTIFF'S MOTION FOR RELIEF FROM COURT ORDER FOR A STIPULATION OF PARTIAL DISMISSAL AND REQUESTS TO FILE A SECOND AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.