IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-832 T

(Judge Francis M. Allegra)

MEG GUNITE, DBA EAGLE SHOTCRETE INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM COURT ORDER FOR A STIPULATION OF PARTIAL DISMISSAL AND REQUESTS TO FILE A SECOND AMENDED COMPLAINT

Pursuant to RCFC 7.1, the United States files its opposition to plaintiff's "Motion For Relief From Court Order For A Stipulation of Partial Dismissal And Request To File A Second Amended Complaint" ("motion for relief"). The Court should deny this motion because: (a) plaintiff was previously allowed to amend its complaint; and (b) the supplemental arguments proposed by plaintiff are legally insufficient.

FACTS

By letter dated March 16, 2007, (a copy is attached hereto as Def. Ex. 1) the Government advised plaintiff that the original complaint filed in this action did not comply with RCFC 9(h)(6).[1] Counsel for the parties engaged in numerous discussions about the requirements set forth in RCFC 9(h)(6) as it pertains to tax refund suits. In an effort to correct the deficiencies in the original complaint without Court intervention, the parties filed a Joint Motion for Relief From Court Order And Joint Motion For Enlargement of Time on March 21, 2007 ("joint motion"). In that joint motion (at p. 2) plaintiff's counsel requested that plaintiff be allowed to file "an amended complaint in accordance with the requirements of RCFC 9(h)(6)." In an order filed on March 26, 2007, the Court granted the parties' joint motion in part, and denied it in part, allowing plaintiff to file an amended complaint. [2] On April 9, 2007, plaintiff filed a Complaint for Refund, Wrongful Penalty And Interest, As Well As Wrongful Denial of An Offer In Compromise, (1st Amended). [3] The Government filed its answer and counterclaim on May 16,

[1] Plaintiff's counsel has filed numerous complaints in this Court which were also deficient. *See Locke v. United States*, No. 06-629 T, slip op. (Fed. Cl. July 10, 2007); *Leshin v. United States*, No. 06-637 T, slip op. (Fed. Cl. Jan.11, 2006); *Cherbanaeff v. United States*, No. 06-640T, slip op. (Fed. Cl. July 12, 2007); *Pope v. United States*, No. 06-446 C, slip op. (Fed. Cl. July 31, 2007); *Janaskie v. United States*, No. 06-602 C, slip op. (Fed. Cl. July 31, 2007). The Court in *Janaskie*, slip op. at 10-12, and *Pope*, slip op. at 9-10, referred all five of the above-described cases pursuant to RCFC 83.2 to the attention of the chief judge. Under RCFC 83.2, a judge is required to refer a matter to the chief judge where conduct which may constitute misconduct comes to the judge's attention.

[2] The Court did not adopt the schedule proposed by the parties in the joint motion, therefore, the parties' joint motion was denied in part.

[3] The amended complaint filed by plaintiff on April 9, 2007, is essentially the brief filed by plaintiff's counsel in opposition to defendant's motion to dismiss the complaint in *Locke*, No. 06-629T, slip op. (Fed. Cl. July 10, 2007). A copy of that brief is attached hereto (without exhibits) as Def. Ex. 2. The Court in *Locke* (slip. op at 15) stated that "It appears that plaintiffs' counsel repeatedly has filed complaints that raise identical jurisdictional issues. . . .With the exception of different plaintiffs and only minor factual differences, these track virtually word-for-word the complaint filed in this action."

2007. The parties filed the Joint Preliminary Status Report on July 6, 2007 and the Court held a telephonic preliminary status conference in this case on July 18, 2007. Pursuant to the discussions conducted during that conference, the Court issued an order on July 19, 2007, which required that "on or before August 3, 2007, the parties shall file a joint status report indicating how this case should proceed and a proposed schedule for the conduct of those future proceedings." On July 27, 2007, the parties filed a joint status report in which (1) plaintiff proposed that it would file a stipulation for partial dismissal of its amended complaint pursuant to RCFC 41(a)(1)(ii) by August 31, 2007; and (2) defendant proposed that it would file a dispositive motion with respect to the issues remaining in the complaint by October 30, 2007.

In an order dated July 31, 2007, the Court adopted the recommendations for future proceedings proposed by the parties in their joint status report. The Court's order of July 31 stated in part:

> 1. On or before August 31, 2007, plaintiff shall file a stipulation for partial dismissal of its amended complaint pursuant to RCFC 41(a)(1)(ii).
>
> 2. On or before October 30, 2007, defendant shall file a dispositive motion with respect to the issues remaining in the complaint.

Pursuant to plaintiff's recommendation which was adopted by the Court, plaintiff was to file a stipulation for partial dismissal on or before August 31, 2007. However, plaintiff did not file a stipulation for partial dismissal on August 31, instead, plaintiff filed its motion for relief seeking permission to file a second amended complaint. Plaintiff argues that it should be allowed to file a second amended complaint in order to "introduce supplemental arguments, which are necessary to preserve this case." (Pl. Mot. at p.1.)

## ARGUMENT

PLAINTIFF'S REQUEST TO FILE A
SECOND AMENDED COMPLAINT
SHOULD BE DENIED

A. Plaintiff was previously granted leave to amend the complaint

Plaintiff, in its motion for relief, seeks leave to amend its complaint for a second time in order to introduce supplemental arguments which plaintiff contends are necessary to preserve this case. As set out above, in a joint motion filed on March 21, 2007, plaintiff requested that it be allowed to file an amended complaint. By Order dated March 26, 2007, the Court granted plaintiff leave to amend its complaint and on April 9, 2007, plaintiff filed an amended complaint in this action.

In this Court, RCFC 15 governs amended and supplemental pleadings. RCFC 15(a) provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

Under RCFC 15(a), a party may amend a pleading once as a matter of course; all subsequent amendments are within the discretion of the Court. *See Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403 (Fed. Cir. 1989); *Simons v. United States*, 75 Fed. Cl. 506, 508 (2007).

In seeking leave to amend the complaint for a second time, plaintiff offers no relevant facts in support of this request. Nor does plaintiff explain its failure to raise the supplemental arguments in its first amended complaint. Failure to cure deficiencies by previously allowed amendments provides a ground for denying a motion to amend under RCFC 15(a). *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mitsui Foods*, 867 F.2d at 1401-04; *Simons*, 75 Fed. Cl. at.

508; *Emerald Coast Finest Produce Co. Inc. v. United States*, 76 Fed. Cl. 445, 450 (2007). Because plaintiff was previously granted leave to amend, and plaintiff offers no explanation for its delay in raising the supplemental arguments, this request to amend the complaint for a second time should be denied.

B. The supplemental arguments proposed by plaintiff are legally insufficient

1. OMB Circular A-123

Plaintiff seeks to amend its complaint for a second time to add "supplemental arguments" in which it alleges (Pl. Mot. ¶¶ 1-3) that the IRS failed to abide by OMB Circular A-123 in the handling of its Offer In Compromise program ("OIC)." OMB Circular No. A-123 defines management's responsibility for internal control in Federal agencies. This Circular provides guidance to Federal managers on improving the accountability and effectiveness of Federal programs and operations by establishing, assessing, correcting and reporting on internal control. Plaintiff contends (Pl. Mot. ¶ 5) that by reducing its staff, the IRS has, in effect, eliminated the OIC program in violation of OMB Circular A-123. Plaintiff alleges (Pl. Mot. ¶¶ 4, 5) that this violation of the OMB Circular A-123 and the failure to return OIC funds to plaintiff provides this Court with jurisdiction over this action under the Tucker Act. Plaintiff has failed to allege any facts or to cite any authority in support of these contentions, which are meritless. A proposed amendment to a pleading which is legally insufficient on its face should be denied as futile. *See Foman*, 371 U.S. at 182; *Mitsui Foods,* 867 F.2d at 1401-04; *Simons,* 75 Fed. Cl. at. 508-509; *Emerald Coast Finest Produce Co.*, 76 Fed. Cl. 445, 450 (2007). In this action, plaintiff's request to amend its complaint a second time to add claims based upon OMB Circular A-123 is frivolous and should be denied. (*Ibid*).

2. Installment Agreement Provision

Plaintiff asserts (Pl. Mot. ¶ 9) that I.R.C. § 6159 provides this Court with jurisdiction over this action pursuant to the Tucker Act. Section 6159 is entitled "Agreements For Payment of Tax Liability In Installments" and provides that:

> (a) AUTHORIZATION OF AGREEMENTS.- The Secretary is authorized to enter into written agreements with any taxpayer under which such taxpayer is allowed to make payment on any tax in installment payments if the Secretary determines that such agreement will facilitate full or partial collection of such liability.

In this instance, plaintiff has failed to allege any facts or to cite any authority in support of the contention that § 6159 provides this Court with jurisdiction over this action under the Tucker Act. As discussed above, a proposed amendment to a pleading which is legally insufficient should be denied as futile. *See Foman*, 371 U.S. at 182; *Mitsui Foods*, 867 F.2d at 1401-04; *Simons*, 75 Fed. Cl. at. 508-509; *Emerald Coast Finest Produce Co.*, 76 Fed. Cl. at 450; *Saladino v. United States*, 62 Fed. Cl. 782, 795 (2004); *St. Paul Fire & Marine Ins. Co. v. United States*, 31 Fed. Cl. 151, 155 (1994).

3. Alleged wrongful rejection of offer in compromise because of "east coast-west coast cut off times"

Plaintiff asserts (Pl. Mot. ¶ 14) that it should be allowed to amend its complaint a second time to add supplemental arguments regarding an alleged wrongful denial by defendant of an offer in compromise and to elaborate on an alleged failure by defendant to have a system set up to synchronize the east coast-west coast "cutoff' times by which the IRS credits receipt of tax deposits. These allegations were presented in plaintiff's first amended complaint (*see* Amended Compl.¶ E, at 8-9; ¶ i at 10-11). Any additional legal arguments which plaintiff may wish to present with respect to those allegations should be made in a legal brief to the Court and not by amending the complaint for a second time.

4. <u>Other deficiencies in the proposed second amendment to the complaint</u>

In support of its second request to amend the complaint, plaintiff contends (Pl. Mot. ¶ 12) that *"Brazos"* coupled with § 6159 creates "standing" under the Tucker Act. However, plaintiff fails to provide any citation for the "*Brazos*" authority cited or to allege any facts with respect to an installment agreement sufficient to invoke § 6159.

Plaintiff seeks to amend its complaint (Pl. Mot. ¶ 13) to add claims which relate to the "moiety" statute. Plaintiff provides no citation for the "moiety" statute but alleges that it authorizes an award of compensation to informants and is "money mandating" thus providing this Court with subject matter jurisdiction over an informant's action to recover an award. In support of this proposition, plaintiff cites (Pl. Mot. ¶ 13) *Prevado Village Partnership v. United State*s, 3 Cl. Ct. 219 (1983), which involved a partnership which sought damages for breach of an alleged implied-in-fact agreement with the Department of Housing and Urban Development. There was no discussion of issues with respect to informants or awards to informants in the *Prevado Village Partnership* case. Plaintiff's attempt to add claims which relate to informants or payments of awards to informants without any factual predicate or relevant legal authority should be denied.

Plaintiff's proposed second amendment to the complaint relies in part (Pl. Mot. ¶ 1) upon "I.R.C. § 7122.1" and "Code of Federal Regulations 26 Part 301.7122.1," both of which are non-existent. Plaintiff's request to amend the complaint to add arguments based upon these non-existent provisions should be denied as futile. To the extent that plaintiff, in fact, intends to rely upon I.R.C. § 7122 (and Treas. Reg. § 301. 7122-1) then the request to amend is simply confusing and plaintiff has already included allegations with respect to § 7122 in its First Amended Complaint (*see* Amended Compl. at pp. 7, 9, 10, 11).

CONCLUSION

For the foregoing reasons, plaintiff's " Motion For Relief From Court Order For A Stipulation Of Partial Dismissal And Requests To File A Second Amended Complaint" should be denied.

Respectfully submitted,

s/Jennifer Dover Spriggs

JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
GEORGE R. STEWART
Reviewer

s/George R. Stewart

Of Counsel

September 17, 2007