IN THE UNITED STATES COURT OF FEDERAL CLAIMS]

No. 06-629 T
(Judge Christine O.C. Miller)

PETER J. LOCKE AND JEANNE LOCKE
Plaintiffs,
V.

THE UNITED STATES,
Defendant,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Plaintiff's respectfully moves this Court not to grant Defendants Motion to Dismiss under Rules (12(b) (1) and for the foregoing reasons: (1) This Court does have jurisdiction over the subject matter. (2) Plaintiff's have established in the Complaint, Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint, and the attached seven exhibits that this Court has jurisdiction over the subject matter.

**TOPICAL INDEX**


A. Topical Index ………………………………………… 2
B. Table of Authorities ……………………………………… 3
C. Statement of issues………………………………………… 5
D. Introduction…………………………………………… 6
E. Argument………………………………………………

i. PLAINTIFF'S WRONGLY REJECTED OIC 8
ii. APPEAL FOR WRONGFUL LEVY 9
iii. IRM 34.1.1.5 (08-11-2004)SUITS BY TAXPAYER ALLEGING IMPROPER ACTS BY THE IRS JURISDICTION ALSO CAN BE OBTAINED FOR UNAUTHORIZED COLLECTION ACTION 9
iv. THIS COURT CAN REVIEW OF DEFENDANT'S ACTIONS 11
v. CONSTITUTIONAL VIOLATIONS 12
vi. The Court Does Have Subject Matter Jurisdiction Over PLAINTIFF'S Claims via Money Mandating requirements of the Tucker Act as modified by Fisher and White Mountain Apache Tribe 13
vii. FEDERAL COURT OF CLAIMS JURISDICTION VIA FISHER v. UNITED STATES, 14
viii. MONEY MANDATING 15
ix. DUE PROCESS VIOLATIONS 15
x. PLAINTIFF CAN THEN THROUGH THIS COURT OBTAIN INJUNCTIVE RELIEF, AS WELL AS EQUITABLE AND EXTRAORDINARY RELIEF UNDER THE TUCKER ACTS AMENDMENT. 16
xi. REFUND ACTIONS 16
xii. DEFERENCE TO EXECUTIVE AUTHORITY DOES NOT EXTEND TO IGNORING BASIC DUE PROCESS CONSIDERATIONS 17
xiii. JURISDICTION EXISTS TO EXAMINE DUE PROCESS CLAIMS 18
xiv. UNITED SALES V. UNITED STATES, 34 FED. CL. 88 CONFERRED LIMITED DECLARATORY JUDGMENT AUTHORITY ON THIS COURT OVER NONMONETARY DISPUTES 18

xv. PROCEDURAL RIGHTS GUARANTEED IN THE COURTOF CLAIMS **19**
xvi. FIFTH AMENDMENT TAKING 19
xvii. THE COURT MAY CONSIDER ALL RELEVANT EVIDENCE, INCLUDING EVIDENCE OUTSIDE THE PLEADINGS WHEN RESOLVING A JURISDICTIONAL CHALLENGE 20

xviii. MOTIONS TO DISMISS ARE DISFAVORED 20

xix. FAILURE TO SET FORTH EVERY ELEMENT OF A CLAIM IS NOT FATAL 21

F. Conclusion 22
G. Certification 24
Dementia 1992 Exhibit 1p
Alzheimer's 1999, Exhibit 2p
Offer in Compromise Exhibit 3p
Collection Due Process Status, Exhibit 4p
Denial of Offer in Compromise Exhibit 5p
Appeal of Offer in Compromise Exhibit 6p
Offer in Compromise as to Jeanie Lock based on Alzheimer's Exhibit 7p
7-10-06 Offer In Compromise, check and supporting doc Exhibit 8p

**A. TABLE OF AUTHORITIES**

Citadel Industries Inc v. United States *314 F. Supp. 245 (S.D.N.Y. 1970). 13*

Collier v. United States, 56 Fed. Cl. 354. cited by Johnson v. United States, 79 F. Supp. 208, 211, 111 Ct. Cl. 750 (Ct. Cl. 1948) **18,20**

Decatur v. Paulding, citied in FISHER v. UNITED STATES, 2-5082 UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT 402 F.3D 1167; 2005 U.S. APP. LEXIS 3911MARCH 9, 2005, **14**

Document Management Group v. United States, 11 Cl Ct 463 (1987). 12, 15

FISHER v. UNITED STATES, 2-5082 UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT 402 F.3d 1167; 2005 U.S. App. LEXIS 3911March 9, 2005, 13,14,15,18

Gordon v. United States, 227 Ct. Cl 328, 649 F.2d 837(1981) 11,12
Johnson v. United States, 79 F. Supp. 208, 211, 111 Ct. Cl. 750 (Ct. Cl. 1948) **18,20**

Morfeld v. Kehm, 803 F.2d 1452, 1454 n.3 (8th Cir. 1986) 21
Sales v. United States, 34 Fed. Cl. 88 16,18,19,20
United States v. Williams, 514 U.S. 527 (1995), 10, 11, 17
United States v. White Mountain Apache Tribe, 537 U.S. 465, 155 L. Ed. 2d 40, 123 S. Ct. 1126 (2003), 13, 14, 15
Wilson v. United States, 58 Fed. Cl. 760, 762 (2003) 20

**CONSTITUTIONAL CLAIMS**
Fourteenth 13
Fifth Amendments 13,18,19,20

**MISCELLANEOUS**
Administrative Procedure Act 5 U.S.C. § § 551-59, 701-06. 14

Fed. R. Civ. P. 8((a) (2). 21

26 U.S.C. section 6532 ( C) 12

26 USC Sections 7426, 12,15,17

28.U.S.C.S 1346 (a)(2) ("Little Tucker act**)** **11,12**

**28.U.S.C.S 1491(a)(1)** (" Big Tucker Act'). 5, 11, 12, 13, 14,15,16,20

RRA 98 7,8,9
Rev. Rul. 05-49, 2005-30 I.R.B. 125, 2005 WL 1710988 (July 25, 2005) 9

The Internal Revenue Service Has Significantly Improved Compliance With Legal and Internal Guidelines When Seizing Taxpayers' Property August 2000 Reference Number: 2000-10-114 10

IRM 34.1.1.5 (08-11-2004) UNAUTHORIZED COLLECTION ACTION 10.

**IRC Sections**
IRC §6015(b)(1)(D)] 7
IRC §6159 8
IRC §6330(c) 8
IRC 6331(k) 7
IRC §6342(e) 9
IRC 7122 7
2462(b)- 7
3432 9
3462 7,8

§3462 (d) 9

## B. STATEMENT OF ISSUES

This is a civil action for wrongful levy by the IRS. The Complaint should go forward based on proper subject matter jurisdiction since Plaintiffs, Mr. and Mrs. Locke identified multiple money-mandating statutes providing for jurisdiction under the Tucker Act as well as other grounds for jurisdiction. Case law provides for the review of executive decisions of Defendant in this court, when done in violation of Defendant's own rules. This court further has jurisdiction over Constitutional violations when a related money mandate exists. Violations of Defendant's own rules and procedures as well as Constitutional violations have taken place against Plaintiff.

Plaintiff has sustained a levy against both Plaintiff husband and Plaintiff wife's social security. The levy took place initially when the case was in review for an Offer in Compromise, a congressionally mandated program, operated by Defendant IRS. When the Congressionally authorized settlement program, identified as an Offer in Compromise, (OIC) is pending individuals such as Plaintiffs are in a status that removes them from forced collection activities such as levy actions.

Plaintiff was also simultaneously involved in a Collection Appeals process which also removes Plaintiff from collection activies such as levies. Defendant violated the IRS codes, as well as due process requirements by instituting levy actions while Plaintiff was involved in both administrative programs.

Additionally, case law provides for review of arbitrary and capricious decisions in this court by executive branches of the government. Case law also allows this court to determine if proper procedures were followed. The review of the failure of Defendant to

follow proper procedures is judiciable and therefore reviewable. This reviewability gives Plaintiff yet another argument that he is properly before the correct Court.

If Plaintiff wife's debt had been properly discharged, then the money taken would have been paid on a no longer existing debt. As such a refund action could proceed in this court. Because Plaintiff wife should have had her debt discharged, and a request for the return of the levied funds has been made to Defendant and not honored, this court has jurisdiction to hear this case also as a refund action.

A Motion to dismiss under Rule 12(b) (1) should be granted only if it appears beyond a doubt that no relief could be granted**.** A Motion to Dismiss is disfavored and therefore this court should hear this case.

A possible failure to set forth every element of a claim is not required, and therefore this case can move forward within this Court.

Plaintiff has established in the Complaint and this document, that the Court of Federal Claims has jurisdiction in this case and that a valid issue exists that relief can be granted on. As such denying Defendant's motion to dismiss would be proper.

## C. INTRODUCTION

Plaintiffs have been faced with unfortunate circumstances. Plaintiff Jeanne Locke in 1993 was diagnosed with Dementia and in 1999 was diagnosed with Alzheimer's, [see Exhibit 1P and Exhibit 2P}. Plaintiff husband now has the duty of taking care of his wife full time.

Plaintiff has been foreclosed on by others in the past and lost income based on lost property. Plaintiff has had various contracts breached by numerous employers that use Plaintiff to find and place workers, through Plaintiff's executive recruiting business.

Due to Plaintiff Husband's poor financial plight, minimal net income combined with his age and his wife's medical condition, Plaintiff's submitted an Offer in Compromise. The Offer in Compromise (OIC),[see Exhibit 3P, Exhibit 7P ] which was submitted to the Service due to Plaintiff wife's medical condition, based on her inability to pay based on her Alzheimer's. **RRA 98,** further authorizes the Secretary to relieve an individual of liability if relief is not available under the expanded innocent spouse rule or the separate liability election, if it would be inequitable to hold the individual liable for any unpaid tax or any deficiency.; IRC §6015(b) (1) (D) This innocent spouse category is the basis for an OIC, under the heading Doubt as to Liability.

Additionally, if an individual who otherwise qualifies for innocent spouse relief fails to establish that he/she did not know or had reason to know the understatement, but does establish that he/she did not know or have reason to know the extent of the understatement, that individual may be relieved of liability for tax, penalties and interest to the extent that liability is attributable to the portion of the understatement that he/she did not know or have reason to know.

By Plaintiff wife being a victim of Dementia previously and now Alzheimer's, it seems unquestionable that Plaintiff wife would have qualified under the OIC parameters, Exhibit 7P, and 8P.

**RRA 98** expands the authority for the IRS to accept offers in compromise. The Act requires the IRS to develop and publish schedules of national and local allowances

that will provide taxpayers entering into an offer in compromise with adequate means to provide for basic living expenses [§3462] [IRC §7122].

Prior to the rejection of this Offer, Exhibit 5p, Plaintiff's should have been in a protected collection status. **RRA 98** prohibits the IRS from collecting a tax liability by levy (1) during any period that a taxpayer's offer in compromise for that liability is being processed, (2) during the 30 days following rejection of an offer, (3) during any period in which an appeal of the rejection of an offer is being considered, and (4) while an installment agreement is pending. §2462(b) IRC §6331(k).

As a historical note, the Internal Revenue Service has had a policy since 1959 of foregoing collection during the pendency of an Offer in Compromise. §3462 prohibits a levy while an offer in compromise is pending or an installment agreement pursuant to §6159 is pending. The provision also provides for suspension of collection while an appeal is pending. Such an appeal was made, Exhibit 6p

Plaintiffs were also in a Collection Due Process Status, [see Exhibit 4P] which also allows for a protected collection status from enforced activities such as a levy. IRC §6330(c) grants the authority for judicial review.

If a taxpayer exercises rights pursuant to the Collection Appeals process the Internal Revenue Service is precluded from taking levy or lien action during the pendency of the proceeding except in the event of jeopardy or a levy upon a state tax refund. **RRA 98.** Additionally IRM 34.1.1.6 (08-11-2004) REVIEW OF IRS DUE PROCESS HEARINGS, the district courts have jurisdiction to review the Service's determination reached in due process hearings conducted under sections 6320 and 6330.

If the District court has jurisdiction to review CDP hearings, then this court should have similar jurisdiction.

While in this protected status on several grounds, Defendant instituted levy actions on both Plaintiff husband and Plaintiff wife. As such the levy was improper as to Plaintiff wife.

D. **ARGUMENT**

**i. PLAINTIFF'S WRONGLY REJECTED OIC**

This OIC was wrongly rejected despite the medical data provided and Plaintiff wife's complete inability to have knowledge of the debt or any real ability to pay the debt. Defendant has cut funding to the OIC process by nearly 75% and significantly reduced staff to review OIC's. This funding decline and staff reduction has resulted in Plaintiff not having the OIC properly evaluated. Defendant, possibly due to the staffing cut back, has also denied Plaintiff their proper administrative remedies, which again is a Federal Due Process violation. **RRA 98** requires the IRS to immediately release a wage levy upon agreement with the taxpayer that the tax is not collectible, effective for levies imposed after December 31, 1999. [§3432] [IRC §6342(e)] This levy release has not been complied with by Defendant, which is yet another violation of Defendant's own policies.

§3462 (d) now enacts into law specific rights for independent review of Offers in Compromise by the Internal Revenue Service Office of Appeals. Defendant failed to follow the proper procedures for independent review, which also resulted in the wrongful levy to Plaintiff. Defendant levied and continues to levy Plaintiff husband and Plaintiff wife's various Social Security payments such that caring for Plaintiff's sick wife is

impaired. Therefore, the Levy action has been in error

**ii. APPEAL FOR WRONGFUL LEVY**

Rev. Rule. 05-49, 2005-30 I.R.B. 125, 2005 WL 1710988 (July 25, 2005) states that parties in the Ninth Circuit are presently permitted to challenge IRS levies through either a wrongful-levy action or a refund action. Review by this Court should be available under the Ninth Circuit expansion since Plaintiff lives in the Ninth Circuit Jurisdiction. Additionally, Defendant has done a self assessment and identified possibilities for wrongful levies. The Internal Revenue Service Has Significantly Improved Compliance With Legal and Internal Guidelines When Seizing Taxpayers' Property August 2000 Reference Number: 2000-10-114

**iii IRM 34.1.1.5 (08-11-2004) SUITS BY TAXPAYER ALLEGING IMPROPER ACTS BY THE IRS CAN RESULT IN JURISDICTION. JURISDICTION ALSO CAN BE OBTAINED FOR UNAUTHORIZED COLLECTION ACTION**

Unauthorized Collection Actions. Taxpayers may bring suit for damages if an officer or employee of the Service recklessly or intentionally, or by reason of negligence, disregards any provision of the Code or any regulation there under in connection with any collection of tax. Section 7433. If authority exists to sue Defendant or Defendant's agents for wrongful acts, then authority exists in this court to claim the return of the money taken as well as any accumulated interest.

United States v. Williams, 514 U.S. 527 (1995), overruled the "longstanding exclusivity rule" with respect to wrongful-levy claims. Williams, held that a party "who paid a tax under protest to remove a lien on her property, ha[d] standing to bring a refund action under 28 U.S.C. § 1346(a) (1), even though the tax she paid was assessed against a third party," where she had "no realistic alternative to payment of a tax she did not owe" and would otherwise have been left "without a remedy." Williams, at 529.

Plaintiff wife is exactly in this position in that if the OIC had been approved, she would have been the third party, whom is still being subjected to levy actions, even though she no longer would have had a debt. As such, Williams, supra is on point as to Plaintiff wife and this should be grounds for this case to continue.

Gordon, 649 F.2d at 843-844 held that the statute of limitations for wrongful-levy actions applies to challenges to third-party levy actions brought under the jurisdiction of the Tucker Act, 28 U.S.C. 1491. Gordon here satisfies that the Tucker act applies to wrongful levies, and that if Plaintiff wife's OIC had been properly granted she would have been a third party. This third party relationship, under Gordon, allows this court to have jurisdiction on its face.

**iv THIS COURT CAN REVIEW DEFENDANT'S ACTIONS**

This Court can review actions of the Defendant, IRS. Although case history indicates that the IRS may be outside the Administrative Procedures Act, this court can review acts for an abuse of discretion. Plaintiff believes that the basis for abuse of discretion parallels that of the standards of the Federal **Administrative Procedure Act, 5 U.S.C. § 551-59, 701-06** which looks to determine if the following activities

have taken place: (arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and unsupported by substantial evidence on the whole record; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law). 28.U.S.C.S 1346 (a)(2) ("Little Tucker act**) and 28.U.S.C. 1491(a)(1)** (" Big Tucker Act').

Under Gordon v. United States, 227 Ct. Cl 328, 649 F.2d 837(1981). the Court of Claims held that it possesses jurisdiction, pursuant to the Tucker Act, over wrongful levy actions, but that, consistent with 26 U.S.C. section 6532 ( C), such an action must be commenced within nine months of the date of levy. Given that this suit is being placed within thirty days of the levy, nine months have not transpired, therefore this Court still has jurisdiction under Gordon, supra.

This case is being brought under the Tucker Act, 28 U.S.C. 1491 (1988), since this case partially revolves around suit for money founded upon (1) the Constitution, (2) an act of Congress, (3) an Executive Order, (4) a Regulation of an Executive Department, or (5) any express or implied–in-fact contract with the United States. Wronged Taxpayers can bring suit under the Tucker act, 28 U.S.C. 1491(a) (1) (1992). The Jurisdiction of the Court is invoked under the authority of 26 USC 7426, and 28 USC 1346 (a) (2) also known as the Little Tucker Act. Jurisdiction is proper here since the present levied amount is less than $10,000., relating to the jurisdiction of the Court of Claims in wrongful levy suits.

The Court of Claims has proper jurisdiction also under Gordon v. United States, wrongful levy actions. 227 Ct. Cl 328 649 F. 2d 837 (1981) as well as Document Management Group v. United States, 11 Cl Ct 463 (1987).

In **Amoco**, the Court of Federal Claims advised it had jurisdiction to hear a claim for statutory interest, and that the claim procedures of IRC 7422(a) were not required. Plaintiff argues they can similarly file a claim for statutory interest since interest has attached to penalties that should be waived given the medical issues Plaintiff wife is facing. Although some penalties have been waived, the fact that penalties still exist, and interest has compounded upon them, gives this court jurisdiction to hear the case.

In **Citadel Industries Inc v. United States**, the Court of Federal Claims assumed subject matter jurisdiction for interest alone. Plaintiff believes that also under Citadel, this court has jurisdiction on the interest assessed in Plaintiff's case.

This case solely involves the taking of money and the return of that money, as well as interest on that money. As such, the Court of Federal Claims is the proper forum.

v. **CONSTITUTIONAL VIOLATIONS**

Plaintiff has been denied his Due Process rights under both the Fourteenth and Fifth Amendments, when Plaintiff was denied their OIC settlement agreements without being provided a proper hearing. Additionally, Plaintiff was in the process of Collection Due Process hearings, also a protected point from forced collection activity by Defendant, and denied the statutory protection. Plaintiff has also been denied his Constitutional rights, by the unlawful taking of Plaintiff's property including, but not

Case 1:06-cv-00829-MCM Document 19-3 Filed 04/05/2007 Page 14 of 23

limited to, the wrongful levy during both protected processes. Defendant also failed to follow proper administrative procedures when it denied Plaintiff wife's OIC, when there is no conceivable way to deny the OIC.

**vi. THE COURT DOES HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS VIA MONEY MANDATING REQUIREMENTS OF THE TUCKER ACT AS MODIFIED BY FISHER AND WHITE MOUNTAIN APACHE TRIBE**

Plaintiff can establish the existence of a money-mandating law source in order for the Court of Federal Claims to have subject matter jurisdiction over the case under the Tucker Act. Recently, in United States v. White Mountain Apache Tribe, 537 U.S. 465, 155 L. Ed. 2d 40, 123 S. Ct. 1126 (2003), the Supreme Court restated the test for determination of whether a statute is money-mandating for Tucker Act jurisdictional purposes. After repeating the test from Mitchell II, the Court stated that:

"This "fair interpretation" rule demands a showing demonstrably lower than the standard for the initial waiver of sovereign immunity . . . . It is enough, then, that a statute creating a Tucker [*1174] Act right be reasonably amenable to the reading that it mandates a right of recovery in damages. While the premise to a Tucker Act claim will not be "lightly inferred," . . . a fair inference will do." Plaintiff has made that fair inference here, as such jurisdiction should be granted.

**vii. FEDERAL COURT OF CLAIMS JURISDICTION VIA FISHER v. UNITED STATES,**

"It would extend unduly this opinion to recite in detail the evolution of judicial review of administrative action during the more than 160 years since Decatur v. Paulding,

including the impact of Congress' enactment in 1946 of the Administrative Procedure Act (the APA). 5 U.S.C. § 551-59, 701-06. Today the doctrine of non-reviewability of Executive action is understood to have lost much of its force; although the doctrine has occasional resurgences, it is now generally accepted that there is a presumption in favor of judicial review of Administrative action, except when Congress has expressly mandated otherwise. FISHER v. UNITED STATES, 2-5082 UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT 402 F.3D 1167; 2005 U.S. APP. LEXIS 3911MARCH 9, 2005,

This same trend for judicial review of Administrative actions should be followed as to Defendant in Tax related issues. Although deference is often given to Defendant, this deference should be tempered based on the trend to not grant Defendant an unchecked ability to commit violations of Due Process and its own internal procedures without judicial oversight. To argue otherwise would leave the Internal Revenue Code under Defendant’s control, which although never properly approved by the requisite number of states was documented as ratified, as having a higher level of deference than military decisions which this court can review. This deference would be in error

**viii MONEY MANDATING**

The Taxpayer Bill of Rights 2 (TBOR2), Public Law 104-168 (110 Stat. 1465), amended section 7433 of the Internal Revenue Code of 1986 (Code) by increasing the maximum amount of damages a taxpayer may be awarded for unlawful collection actions from $100,000 to $1,000,000. This TBOR2, creates a money mandating requirement,

when viewed under <u>White Mountain Apache</u>, supra, given “that a statute creating a Tucker Act right be reasonably amenable to the reading that it mandates a right of recovery in damages.” The fact such a right exists, with TOBOR2, satisfies the money mandating requirement.

RRA 1998 added subsection (h) to section 7426. Subsection (h) which authorizes persons to sue the United States in Federal District Court for damages due to a wrongful levy caused by the reckless or intentional, or negligent, disregard of a provision of the Code. Federal District Court and the Court of Claims parallel jurisdiction against Defendant, when only money is being sought. Therefore, this section (h) also should allow the Federal Court of Claims jurisdiction.

**ix DUE PROCESS VIOLATIONS.**

**Plaintiff suffered different due process violations.** These respective violations cover the due process violation requirements necessary for jurisdiction in this court. These violations are sufficient enough to provide the requisite notice to Defendant, such that the claims are kept alive.

**X PLAINTIFF CAN THEN THROUGH THIS COURT OBTAIN INJUNCTIVE RELIEF, AS WELL AS EQUITABLE AND EXTRAORDINARY RELIEF UNDER THE TUCKER ACTS AMENDMENT.**

Equitable and extraordinary relief is available after the amending of the Tucker act. <u>United Sales v. United States,</u> 34 Fed. Cl. 88 “In 1988, however, the Tucker Act was amended, conferring limited declaratory judgment authority on this court over nonmonetary disputes. The amendment provides in pertinent part: “(3) To afford

complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security." Defendant being neither national defense or national security arms of the government falls outside the deference protective bubble set forth in Sales, infra. Plaintiff can then, through this court, obtain injunctive relief, as well as equitable and extraordinary relief under the Tucker acts amendment.

**xi REFUND ACTIONS**

26 U.S.C. 7426, authorizes an action to challenge a wrongful levy, and 28 U.S.C. 1346(a) (1) authorizes an action to recover erroneously collected taxes. *United States v. Williams,* 514 U.S. 527 (1995), which held that 28 U.S.C. § 1346(a) (1) permits a refund suit when a third person pays a tax under protest to discharge a tax lien from its property. Additionally *WWSM Investors v. United States*, 64 F.3d 456 (9th Cir. 1995) held that a third person claiming an interest in property levied upon by the Service may file a refund suit after the nine-month limitations period for filing a wrongful levy suit has run. The court relied on *United States v. Williams*, 514 U.S. 527 (1995), which held that 28 U.S.C. § 1346(a)(1) permits a refund suit when a third person pays a tax under protest to discharge a tax lien from its property. The Supreme Court's opinion in *Williams* was premised on a finding that in the absence of a refund suit, the third person would have no meaningful judicial remedy. To be in line with

Williams, allowing Plaintiff wife an opportunity to challenge the levy as well as the administrative and Constitutional violations is both fair and equitable as well as supported by law, since Plaintiff wife would have been a third party if the OIC had been properly administered.

**xii DEFERENCE TO EXECUTIVE AUTHORITY DOES NOT EXTEND TO IGNORING BASIC DUE PROCESS CONSIDERATIONS**

"[D]eference to Executive authority does not extend to ignoring basic due process considerations, however. When there is a question of whether reasonable process has been followed, and whether the decision maker has complied with established procedures, courts will intervene, though only to ensure that the decision is made in the proper manner." Fisher Appeals, Supra. Given that Plaintiff was not afforded the established procedures, the claim by Defendant of a non justiciable question fails, and Plaintiff should be allowed to have a determination as to the reasonable processes and procedures which should have been followed, but were not. This Court should review this case based on Defendant ignoring basic due process considerations.

**xiii.JURISDICTION EXISTS TO EXAMINE DUE PROCESS CLAIMS**

This Court has jurisdiction for Due Process claims when they are tied to a money-mandating requirement. Here Plaintiff has, among other claims, a Fifth Amendment claim. Because of this Fifth Amendment claim, Plaintiff's case will not follow the Collier decision because Collier failed "to state a Fifth Amendment takings claim"

Collier v. United States, 56 Fed. Cl. 354. cited by Johnson v. United States, 79 F. Supp. 208, 211, 111 Ct. Cl. 750 (Ct. Cl. 1948) Plaintiff therefore will have a proper Fifth Amendment taking case since the OIC was not properly administered, thereby dismissing Plaintiff's debt, but instead disabled Petitioner with Alzheimer's was levied by Defendant. This satisfies the basic element of a Fifth Amendment taking case.

**xiv UNITED SALES V. UNITED STATES, 34 FED. CL. 88 CONFERRED LIMITED DECLARATORY JUDGMENT AUTHORITY ON THIS COURT OVER NONMONETARY DISPUTES**

Additionally, United Sales v. United States, 34 Fed. Cl. 88 conferred limited declaratory judgment authority on this court over nonmonetary disputes.
"[W]hen important individual rights are at issue and are allegedly the subject of administrative abuse, it can be argued that some room must remain for effective judicial review…" Given that even non monetary disputes now have jurisdiction in the Court of Claims under Sales, the administrative actions of Defendant as to the improper levy during a protected period should similarly be reviewed.

**xv PROCEDURAL RIGHTS GUARANTEED IN THE COURT OF CLAIMS**

The Court of Claims in Scroggins v. United States, 184 Ct. Cl. 530, 397 F.2d 295 (1968), "[T]here remained a residual level of review despite the statute: disability decisions could be reviewed under a highly deferential standard to determine whether

there had been "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative decision." Id. at 297 (internal quotation marks omitted)." This substantial deviation from procedural rights that took place in an arguable protected area, military actions, similarly gives Plaintiff the ability to have the Court of Claims review deviations of procedure from Defendant IRS.

## xvi FIFTH AMENDMENT TAKING

Here, Plaintiff has alleged a Fifth Amendment claim. The Collier decision was fatal because Collier failed "to state a Fifth Amendment takings claim". Johnson v. United States, 79 F. Supp. 208, 211, 111 Ct. Cl. 750 (Ct. Cl. 1948).

Plaintiff is being levied while in a protected status, i.e. going through the offer in compromise program as well as the collection appeal program. By Defendant doing the above actions, they have deprived Plaintiff of primarily Federal funds and Federal benefits, which allows a legitimate Fifth Amendment claim to exist.

## xvii THE COURT MAY CONSIDER ALL RELEVANT EVIDENCE, INCLUDING EVIDENCE OUTSIDE THE PLEADINGS WHEN RESOLVING A JURISDICTIONAL CHALLENGE

Further, the Court may consider all relevant evidence, including evidence outside the pleadings when resolving a jurisdictional challenge." Wilson v. United States, 58 Fed. Cl. 760, 762 (2003) Plaintiff contends that by the expanded version of looking at relevant evidence combined with looking at the pleadings the jurisdictional challenge Defendant proffers is nothing more than a ruse to deny Plaintiff's Fifth Amendment

claim, thereby granting him a jurisdictional ticket to this Court of Claims forum.

United Sales v. United States, 34 Fed. Cl. 88 provides for the expanded jurisdiction, in even non monetary disputes. " In 1988, however, the Tucker Act was amended, conferring limited declaratory judgment authority on this court over nonmonetary disputes." As such by the Congressional expansion of Tucker, as well as the case law in Sales, infra. this expansion is yet another reason to allow Plaintiff's case to progress.

**xviii MOTIONS TO DISMISS ARE DISFAVORED**

Motions to dismiss a complaint after the plaintiff's opening statement are disfavored and rarely granted. See Morfeld v. Kehm, 803 F.2d 1452, 1454 n.3 (8th Cir. 1986) (because opening is overview, it need not cover every element or critical fact). Accordingly, the prospect of dismissal on opening exists only when, from all available indications, the case is doomed to defeat. Since this court has jurisdiction over Defendant because there is a money mandating provision, the case should continue forward.

**xix FAILURE TO SET FORTH EVERY ELEMENT OF A CLAIM IS NOT FATAL**

Case law does not require the opening to cover every element, Plaintiff however has stated at least the minimum elements to show that a legitimate case does in fact exist. Plaintiff's case

should continue to go forward, and Defendant's argument that Plaintiff has failed to set forth a claim should be seen to have no merit.

A complaint is only required to contain a short and plain statement, that statement must be "of [a] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8((a)(2). Plaintiff's claim contains at least the plain statement that he is entitled to relief, and therefore he has satisfied Fed R. Civ. Proc 8 (a) (2)

**CONCLUSION**,

Plaintiff requests Defendants Motion to Dismiss be denied and that Plaintiff's Opposition to Defendants Motion to Dismiss should be granted. Plaintiff requests that this court issue an order returning the wrongfully levied social security payments taken by Defendant. Plaintiff requests this court order Defendant to re-examine the Offer in Compromise submitted under the basis that Plaintiff's wife should be not liable for any portion of the debt given her mental and physical incapacity.

Respectfully submitted,

04/05/07 s/Jeffrey D. Moffatt

Admitted U.S. Supreme Court and U.S. Court of Federal Claims
Attorney for Petitioner Peter J. and Jeanne Locke
(661) 945-6121 / Fax (661) 945-3019
43625 N Sierra Hwy, Suite A.
Lancaster, CA 93534
E-mail Address: jeffreymbajd@hotmail.com

CERTIFICATE OF FILING

I hereby certify that on April 5, 2007, a copy of the foregoing "PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

.